UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC,<br><br>                Plaintiff.<br><br>      -against -<br><br>MAKITA U.S.A., INC.<br><br>                Defendant. | Civil Action No.:<br>13 cv 05235 (JPO)<br><br>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6) |

## MEMORANDUM OF LAW IN SUPPORT OF MAKITA U.S.A., INC.'S MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Makita U.S.A., Inc. ("Makita") submits this Memorandum in support of its Motion to Dismiss the Complaint filed by Plaintiff Freeplay Music, LLC ("Freeplay Music").

### I. INTRODUCTION

The Complaint fails to allege one of the most basic requirements for pleading a cause of action for copyright infringement – identifying the allegedly infringing work. The Complaint does not identify the title(s) of the allegedly infringing Internet videos or provide a copy of the allegedly infringing videos. Accordingly, the Complaint should be dismissed because Freeplay Music has failed to sufficiently plead a claim for copyright infringement.

### II. LEGAL STANDARDS

A.    Pleading Standards Generally

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bejjani v. Manhattan Sheraton Corp*, No. 12

1

Civ. 6618 (JPO), 2013 WL 3237845, at *5 (S.D.N.Y. June 27, 2013). To meet this plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bejjani*, 2013 WL 3237845, at *5. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to allow such an inference. *Ashcroft*, 556 U.S. at 678.

B.   Pleading Requirements for Copyright Infringement

To properly plead a claim for copyright infringement, a complaint must allege facts sufficient to establish at least four general elements: (1) identification of the specific original works that are the subject of the copyright claim; (2) the plaintiff owns the copyrights in those works; (3) the copyrights have been registered in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright. *Franklin Elec. Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991); *Calloway v. Marvel Entertainment Group*, No. 82 Civ. 8697 (RWS), 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979). The fourth of these requirements, the requirement that the complaint identify the allegedly infringing works, is at issue here.

Form 19 of the Federal Rules of Civil Procedure provides an example of allegations that sufficiently plead a claim for copyright infringement. *See* Fed. R. Civ. P. 84 & Appx. Form 19. Of particular relevance to this motion is Paragraph six of Form 19. Paragraph six of Form 19 specifically requires that the plaintiff identify each allegedly infringing work by title and (at least where reasonably possible) attach a copy to the complaint. *See* Fed. R. Civ. P. Appx. Form 19 ¶ 6.

### III. ARGUMENT

Freeplay Music operates a website called freeplaymusic.com through which it encourages users to download music for free. Makita is a leading distributor of industrial power tools.

Freeplay Music filed the present action against Makita, alleging copyright infringement with respect to 21 "free" songs available on the freeplaymusic.com website. (Complaint at ¶¶ 12, 16, 31.) Freeplay Music alleges that Makita used the 21 "free" songs as background music in promotional videos. (*Id.* at ¶¶ 16-17, 31-32.) However, the Complaint does not identify the titles of the allegedly infringing videos (*id.* at ¶¶ 16-24, 31-40) and does not attach media containing the allegedly infringing videos (*id.*).[1] Accordingly, the Court should dismiss the Complaint because it does not identify the allegedly infringing works. *Franklin,* 763 F. Supp. at 4; *Gee,* 471 F. Supp. at 643; Fed. R. Civ. P. Appx. Form 19 ¶ 6.

A court in the Eastern District of Virginia recently dismissed a claim for copyright infringement because the complaint failed to identify the allegedly infringing works as required by Form 19. That Court identified the shortcomings of the complaint as follows:

> [O]ne essential element of Form 19 is conspicuously absent from Plaintiffs Complaint. Paragraph six of Form 19 provides that the plaintiff must identify the allegedly infringing work by name and attach a copy of the infringing work as an exhibit to the complaint. Fed. R. Civ. P. Appx. Form 19 ¶ 6. Although Plaintiff has provided the Court with depictions of its own designs, Plaintiff has not provided any information about the allegedly infringing designs, and thus has failed to support its claims with the requisite factual basis.

---

[1] Exhibit B to the Complaint is a letter from Tunesat LLC, Freeplay Music's purported agent. (Complaint, Ex. B.) Tunesat's letter asserts that videos available at four internet locations allegedly infringe Freeplay Music's copyrights in four songs. (*Id.,* Ex. B at p. 2 of 4.) The Complaint does not cite the letter as identifying the subject matter of the litigation, and the Complaint does not indicate whether the videos identified by Tunesat are at issue in the case. (*See id.* ¶ 20.) Nor does the Complaint (or any of the Exhibits) provide information regarding any works that allegedly infringe copyrights in any of the 17 other songs identified in the Complaint.

*Home Design Services, Inc. v. J.F. Schoch Bldg. Corp.*, No. 2:11CV574, 2012 WL 442008, at *4 (E.D. Va. Feb. 10, 2012); *see also Calloway*, 1983 WL 1141, at *3 (pleading copyright infringement requires identifying the infringing portion of an allegedly infringing work).

In this case, Freeplay Music has identified its allegedly copyrighted songs, but has failed to identify the allegedly infringing works by title or by providing a copy. Accordingly, Freeplay Music has not sufficiently pled a claim for copyright infringement.

The Complaint should also be dismissed for the independent reason that it fails to sufficiently plead additional elements listed in Form 19. For example, Freeplay Music has not pled that its copyrighted songs are original works that may be copyrighted under United States law. *See* Fed. R. Civ. P. Appx. Form 19 ¶ 3.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Makita's Motion to Dismiss in its entirety.

Respectfully submitted,

Dated: New York, New York
September 10, 2013

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

/s/ Jaclyn Grodin
Paul D. Sarkozi
Jaclyn H. Grodin

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email: sarkozi@thsh.com
grodin@thsh.com

OF COUNSEL:

Michael K. Friedland

4

Benjamin A. Katzenellenbogen
Samantha Y. Hsu
**KNOBBE MARTENS OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax: (949) 760-9502
Email: michael.friedland@knobbe.com
　　　ben.katzenellenbogen@knobbe.com
　　　samantha.hsu@knobbe.com

*Attorneys for Defendant Makita U.S.A., Inc.*