UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC,<br><br>          Plaintiff,<br><br>  - against -<br><br>MAKITA U.S.A., INC,<br><br>          Defendant. | **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>**Civil Action No.<br>13 cv 05235 (JPO)** |

Plaintiff Freeplay Music, LLC, by their attorneys, Nixon Peabody LLP, as and for their First Amended Complaint against defendant Makita U.S.A., Inc. alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Freeplay Music, LLC ("Freeplay") is a limited liability company organized and existing pursuant to the laws of the State of New York with its principal place of business located at 1650 Broadway, New York, New York.

2. Freeplay is a production music company primarily in the business of creating, selling, distributing and licensing music. Freeplay regularly licenses such music for synchronization with audiovisual works such as advertisements, movies and television shows.

3. Upon information and belief, defendant Makita U.S.A., Inc. ("Defendant") is a corporation organized and existing pursuant to the laws of the State of California with its principal place of business located at 14930 Northam Street, La Mirada, California.

14617989.1

4.  Upon information and belief, at all times relevant herein, Defendant has been engaged in the business of manufacturing and selling industrial power tools and accessories.

5.  Defendant is domiciled in the State of New York because it is registered as a Foreign Business Corporation with the New York State Department of State ("NYDOS") and has been assigned NYDOS Identification No. 1935960.

6.  Defendant has continuously and systematically transacted business within the State of New York by selling, distributing, and/or servicing its goods therein.

7.  Defendant has continuously and systematically transacted business within the State of New York by contracting to sell, distribute, and/or service its goods therein.

8.  Upon information and belief, Defendant has continuously and systematically transacted business within the State of New York by operating and maintaining an interactive website that allows for the transaction of business with customers located therein.

9.  By continuously and systematically transacting business in the State of New York, Defendant has availed itself of the personal jurisdiction of the courts located therein.

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

11. Venue is proper pursuant to 28 U.S.C. §§ 1391(d) and 1400(a).

14617989.1

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

### OWNERSHIP OF TRUE AND VALID COPYRIGHTS

12.  Freeplay is, and at all relevant times has been, the owner of the copyrights in certain wholly original sound recordings and musical compositions including without limitation: "The Call," "First Round Knockout," "Down and Dirty," "Decimator," "Mugshot," "Acid Indigestion," "Rough Rouge," "Beauty Shot," "Swinging the Chain," "Marshall Law," "Steady," "Maximus Rules," "Swing on Down," "Limp Triscut," "Fight Good," "Time of Silence," "Infoscape," "Global Connect," "Metric Trend," "Bug Blaster," and "Full Force" (the "Songs").

13.  Freeplay has always owned, maintained, and controlled the exclusive true and valid copyrights in the Songs.

14.  Freeplay has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. *et seq.*, has registered the Songs with the United States Copyright Office, and was issued a Certificate of Registration for each of the Songs. True and complete copies of the Certificate of Registration for each of the Songs are collectively annexed hereto as Exhibit "A."

15.  All of the Songs were published with a copyright notice.

### DEFENDANT'S WILLFUL ACTS OF INFRINGEMENT

16.  In or about April 2013, Defendant infringed Freeplay's exclusive rights under 17 U.S.C. § 106 by copying, reproducing, synchronizing, distributing and/or performing the Songs, in whole or in part, without authorization or license from Freeplay in video advertisements and online video content (the "Videos") located on Defendant's

website, its affiliates, subsidiaries, and parent company's websites and on the popular YouTube social media website (www.youtube.com).

17. A schedule, based upon information and belief, that includes the presumed title of each of the Videos, the title of the Song used in the Video, the Uniform Resource Locator for the Video, and the Content Uniform Resource Locator for the Video is annexed hereto as <u>Exhibit "B"</u> and incorporated as if set forth fully herein.

18. Defendant used Freeplay's Songs, without authorization or license, to advertise, market and promote its own goods and services.

19. At no time has Freeplay authorized or licensed Defendant to copy, reproduce, synchronize, distribute and/or perform any of the Songs.

20. Shortly after Freeplay became aware of Defendant's unauthorized and unlicensed uses of the Songs, it contacted Defendant to make Defendant aware of its infringing activities.

21. Specifically, on or about May 2, 2013, Freeplay's agent and copyright administrator, Tunesat, LLC, sent an e-mail to Defendant alerting Defendant of its unauthorized use of the Songs and demanding that Defendant cease and desist from all such unauthorized uses (the "Cease and Desist Notice"). A true and accurate copy of the Cease and Desist Notice is annexed hereto at <u>Exhibit "C."</u>

22. On or about May 7, 2013, Freeplay's agent and copyright administrator, Tunesat, LLC, sent another e-mail to Defendant, again alerting Defendant of its unauthorized use of additional Songs and demanding that Defendant cease and desist from all such unauthorized uses of the Songs (the "Second Notice"). A true and accurate copy of the Second Notice is annexed hereto at <u>Exhibit "D."</u>

14617989.1

23. Upon information and belief, despite receipt of the Cease and Desist Notice and Second Notice, Defendant willfully refused to stop its unauthorized use of the Songs.

24. Upon information and belief, despite being on notice that its use of the Songs was not authorized or licensed, Defendant continues to refuse to cease its acts of infringement and continues to use the Songs to market and/or promote its own goods and services.

25. Defendant's willful violation of Freeplay's rights under 17 U.S.C. § 106 constitutes copyright infringement under 17 U.S.C. § 501.

## DAMAGES

26. By reason of Defendant's continued willful infringement, Freeplay has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the copyrighted Songs.

27. By reason of Defendant's willful infringement, Freeplay has sustained irreparable harm that cannot be remedied by monetary damages alone.

28. Freeplay is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with them, from further engaging in such acts of copyright infringement.

29. Pursuant to 17 U.S.C.§ 504(c), Freeplay is further entitled to recover from Defendant up to $150,000.00 in statutory damages for each work as a result of Defendant's acts of copyright infringement. Such damages are not readily ascertainable but – based on the pervasive and willful nature of the infringement – are believed to be in excess of $6.3 million.

14617989.1

30. Pursuant to 17 U.S.C. § 504, Freeplay is further entitled to recover from Defendant the reasonable attorneys' fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

31. Freeplay hereby incorporates the allegations set forth above in paragraphs 1 through 29, as though fully set forth herein.

## DEFENDANT'S WILLFUL ACTS
## OF CONTRIBUTORY INFRINGEMENT

32. Upon information and belief, in or about April 2013, Defendant knowingly and systematically induced, caused, materially contributed to, had reason to know of and participated in, the infringement of Freeplay's exclusive rights under 17 U.S.C. § 106 by the unauthorized copying, reproduction, synchronization, distribution and/or performance of the Songs by Defendant's affiliates, subsidiaries, and/or parent company in video advertisements and video content located on websites owned or controlled by such affiliates, subsidiaries, and/or parent company, and on the popular YouTube social media website (www.youtube.com). See Exhibit "B."

33. Defendant's affiliates, subsidiaries, and/or parent company used Freeplay's Songs, without authorization or license, to advertise, market, and promote their respective goods and services.

34. At no time has Freeplay authorized Defendant's affiliates, subsidiaries and/or parent company to copy, reproduce, synchronize, distribute and/or perform any of the Songs.

14617989.1

35. Shortly after Freeplay became aware of the unauthorized and unlicensed use of the Songs by Defendant's affiliates, subsidiaries, and/or parent company, it contacted Defendant to make Defendant aware of their infringing activities.

36. Specifically, on or about May 2, 2013, Freeplay's agent and copyright administrator, Tunesat, LLC, sent an e-mail to Defendant alerting Defendant that its affiliates, subsidiary, and/or parent company were engaged in authorized and unlicensed use of the Songs and demanded that they cease and desist from all such unauthorized uses. See the Cease and Desist Notice annexed hereto as Exhibit "C."

37. On or about May 7, 2013, Freeplay's agent and copyright administrator, Tunesat, LLC, sent another e-mail to Defendant, again alerting Defendant that its affiliates, subsidiary, and/or parent company were engaged in unauthorized and unlicensed use of additional Songs and demanded that they cease and desist from all such unauthorized uses of the Songs. See Second Notice annexed hereto as Exhibit "D."

38. Upon information and belief, despite receipt of the Cease and Desist Notice and Second Notice, Defendant failed and willfully refused to stop its affiliates, subsidiary, and/or parent company from engaging in unauthorized use of the Songs.

39. Upon information and belief, despite being on notice that the uses of the Songs by Defendant's affiliates, subsidiaries, and/or parent company were not authorized, Defendant continued to allow their acts of infringement and use of the Songs to advertise, market and/or promote their respective goods and services.

40. Upon information and belief, through its actions and/or inaction, Defendant knowingly induced, caused or materially contributed to copyright infringement by another and should be held liable as a contributory infringer.

14617989.1

41. Defendant's contributions to the violation of Freeplay's rights under 17 U.S.C. § 106 constitutes contributory copyright infringement under 17 U.S.C. § 501.

## DAMAGES

42. Pursuant to 17 U.S.C.§ 504(c), Freeplay is further entitled to recover from Defendant up to $150,000.00 in statutory damages for each work as a result of Defendant's acts of contributory copyright infringement. Such damages are not readably ascertainable but – based on the pervasive and willful nature of the infringement – are believed to be in excess of $1 million.

43. Pursuant to 17 U.S.C.§ 504, Freeplay is further entitled to recover from Defendant the reasonable attorneys' fees and legal costs incurred as a result of Defendant's acts of contributory copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Freeplay respectfully requests that the Court:

### On the First Claim For Direct Copyright Infringement

(1) Enter judgment that Defendant has infringed the copyrights in and to the Songs pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

(2) Enter a permanent injunction that Defendant and each of its agents, officers, employees, representatives, successors, assign, attorneys and all other person acting for, or on behalf of, Defendant, or in concert or participation with Defendant, be preliminarily and permanently enjoined from reproducing, publicly distributing, publicly performing, publicly displaying, publicly performing or preparing derivative works based on, or in any other way using the Songs;

(3) Order that Defendant destroy all copies of any items found to infringe the

copyrights in the Songs pursuant to 17 U.S.C. § 503;

(4) Order that Freeplay be awarded, at its election, all damages caused by the acts forming the basis of this Complaint, including without limitation an award of statutory damages pursuant to 17 U.S.C. § 504;

(5) Order that Defendant be required to pay to Freeplay the costs of this action and Freeplay's reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

### On the Second Claim For Contributory Copyright Infringement

(6) Enter judgment that Defendant has contributorily infringed the copyrights in and to the Songs pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

(7) Enter a permanent injunction that Defendant and each of its agents, officers, employees, representatives, successors, assign, attorneys and all other person acting for, or on behalf of, Defendant, or in concert or participation with Defendant, be preliminarily and permanently enjoined from causing, inducing or participating in the reproduction, public distribution, public performance, publicly display, public performance or preparation of derivative works based on the Songs or any other use of the Songs;

(8) Order that Freeplay be awarded, at its election, all damages caused by the acts forming the basis of this Complaint, including without limitation an award of statutory damages pursuant to 17 U.S.C. § 504; and

(9) Order that Defendant be required to pay to Freeplay the costs of this action and Freeplay's reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

14617989.1

<u>On All Claims</u>

(10) Order that Defendant be required to pay to Freeplay prejudgment interest at the statutory rate; and

(11) Grant all such other and further relief to Freeplay as the Court may deem just and appropriate.

Dated: Jericho, New York
September 12, 2013

**NIXON PEABODY LLP**

By: /s/ Seth L. Berman
Seth L. Berman

*Attorneys for Freeplay Music, LLC*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

Of Counsel:

**NIXON PEABODY LLP**
Jason C. Kravitz
Mass. BBO # 565904
(*pro hac vice* admission to be requested)
100 Summer Street
Boston, MA 02110
(617) 345-1318

## DEMAND FOR TRIAL BY JURY

Plaintiff, Freeplay Music, LLC demands a trial by jury of the claims alleged in this Complaint.

Dated:    Jericho, New York
             September 12, 2013

**NIXON PEABODY LLP**

By: *[signature]*
     Seth L. Berman

*Attorneys for Freeplay Music, LLC*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

Of Counsel:

**NIXON PEABODY LLP**
Jason C. Kravitz
Mass. BBO # 565904
(*pro hac vice* admission to be requested)
100 Summer Street
Boston, MA 02110
(617) 345-1318

14617989.1