**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
900 Third Avenue
New York, NY 10022
(212) 508-6700
FACSIMILE: (212) 371-1084

Jaclyn H. Grodin
Direct Dial: (212) 508-6776
Direct Fax: (646) 390-6860
grodin@thsh.com

September 23, 2013

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Room 2101
40 Foley Square
New York, NY 10007

      RE:   *Freeplay Music, LLC v. Makita U.S.A., Inc.*
             Case No. 13 cv 05235 (JPO)

Dear Judge Oetken:

      Pursuant to Rule 4(A) of this Court's Individual Practices, Defendant Makita USA, Inc. ("Makita"), submits this letter regarding defects in Plaintiff's Amended Complaint. Plaintiff filed the Amended Complaint in response to Makita's Motion to Dismiss the original Complaint (Doc. No. 10), which was made under the prior version of this Court's Individual Practices.

**The Parties**

      Plaintiff Freeplay Music, LLC ("Freeplay") operates a website called freeplaymusic.com, through which it encouraged users to download music for free. Freeplay embedded the word "free" in the metadata of its website over 600 times so that internet searches for "free music" would return the freeplaymusic.com website at or near the top of the results list. Freeplay encouraged its users to download music without requiring payment or an agreement to pay in the future. Nor did Freeplay require users to sign up for an account or agree to any "terms of use" prior to downloading the "free" music. After users downloaded the "free" music, a company called Tunesat would assert that the same music Freeplay had encouraged its users to download for free was not actually free, and that using it constituted copyright infringement.

      This lawsuit arose because Freeplay alleges that Makita fell into that trap. Although Makita did nothing wrong, Makita made every effort to respond to Freeplay's concerns. As soon as Tunesat informed Makita that Freeplay claimed rights in background music that had allegedly

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

The Honorable J. Paul Oetken
Page 2

been used in Makita videos, Makita removed the identified videos. Makita even offered to pay the small amount that the Freeplay website indicates Freeplay would have sought in royalties for the alleged use. Freeplay refused to accept Makita's offer and demanded a huge windfall. Freeplay initially demanded hundreds of thousands of dollars, and its complaint seeks millions of dollars.

Freeplay's request for such exorbitant damages is based on its allegation that it is entitled to the maximum statutory damages for willful infringement. Freeplay has no basis for accusing Makita of willful infringement and does not allege any supporting facts. Accordingly, Makita seeks to dismiss the allegations of willful infringement, and the corresponding damages claim.

**Allegations in the Amended Complaint**

Freeplay does not identify any amount of actual damages it has allegedly suffered. (First Amended Complaint, Doc No. 12 ("FAC") ¶¶ 26-30, 42-43.) The driving force in this case is Freeplay's allegation that it is entitled to statutory damages for willful infringement and attorneys' fees. (FAC ¶¶ 29-30, 42-43.) However, Freeplay fails to state a claim for willful infringement because the Amended Complaint does not allege any facts showing that Freeplay is entitled to such relief.

In fact, the letters that Freeplay attached as exhibits to the Amended Complaint confirm that Makita had no idea Freeplay claimed copyrights in the background music and that Makita acted promptly upon learning of Freeplay's concerns. These facts are fundamentally inconsistent with willfulness. For example, the Amended Complaint attached an email from Tunesat dated May 2, 2013, which identified four videos as being of concern to Freeplay. (FAC ¶ 21 & Ex. B.) The Amended Complaint omitted Makita's response, but included a later email from Tunesat dated May 7, 2013, which reflects that the identified videos had already been removed. (FAC ¶ 22 & Ex. C (asserting that Freeplay would "not accept the mere removal of the videos of [sic] as a full resolution of this matter").)

The Amended Complaint does not allege that Makita had any knowledge of Freeplay's claims of copyright or infringement prior to these emails. Indeed, the Amended Complaint implies the opposite by alleging that Tunesat "contacted Defendant to make Defendant aware of its infringing activities." (FAC ¶ 20.) As set forth above, the Amended Complaint also demonstrates that Tunesat identified four allegedly infringing videos on May 2, 2013, and that by May 7, 2013, Makita had already removed those four videos. Thus the Amended Complaint does not allege or incorporate by reference any facts that could plausibly show that Makita had: (a) knowledge of Freeplay's copyrights; (b) knowledge of the alleged infringment; or (c) any intent to directly infringe or contribute to the infringement of Freeplay's copyrights.

The only allegations in the Amended Complaint regarding knowledge or intent are threadbare recitals and conclusory statements that are devoid of factual support and are alleged only on information and belief. (FAC ¶¶ 23-24, 38-40.)

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

The Honorable J. Paul Oetken
Page 3

The Amended Complaint is deficient because it does not allege any facts that could plausibly support these conclusions. For example, the Amended Complaint does not allege any facts plausibly showing that Makita had knowledge that the four videos described in the May 2nd email were alleged to infringe any copyrights before receiving the Tunesat email. The Amended Complaint does not allege any facts plausibly showing that Makita continued to make unauthorized use of the four videos identified in the May 2nd email after being notified by Tunesat. Nor does the Amended Complaint identify any other allegedly infringing acts that occurred after Tunesat contacted Makita. Accordingly, this Court should dismiss Freeplay's allegations of willful infringement.

**Legal Grounds for Motion to Dismiss**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to allow such an inference. *Id.*

The precise level of factual detail required is not the same in all cases. Evaluating the sufficiency of pleadings is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255, 264 (S.D.N.Y. 2011). A court recently dismissed allegations of willful copyright infringement where the complaint failed to identify any facts suggesting willfulness. The court held:

> [Plaintiff's] complaint has not adequately alleged that Defendant's copyright infringement was willful. [Plaintiff] asserts the legal conclusion that Defendant has "knowingly, willingly, and/or deliberately infringed, and/or acted in reckless disregard in infringing, [plaintiff's] copyrights," Compl. ¶ 60, but fails to provide any factual allegations regarding Defendant's knowledge, willfulness, or recklessness, which, if accepted as true, would entitle [plaintiff] to relief.

*Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F.Supp.2d 1049, 1054-55 (C.D. Cal. 2011) (citations and footnote omitted). The Amended Complaint in this case suffers from the same deficiencies.

The Amended Complaint does not allege sufficient facts to plausibly show that Makita was aware of the infringing activity, or that it showed reckless disregard for or willful blindness

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

The Honorable J. Paul Oetken
Page 4

to Freeplay's alleged rights. As discussed above, the emails attached to the complaint indicate the opposite. The Supreme Court has recognized that the required level of factual detail varies from case to case and has directed courts to apply "common sense" in evaluating whether the plaintiff has pled sufficient facts to state a plausible claim. Accordingly, pleading specific facts may not be necessary where the allegation of willful infringement is facially plausible. *See Blagman v. Apple Inc.*, 12 CIV. 5453 ALC JCF, 2013 WL 2181709, at *4 (S.D.N.Y. May 20, 2013).

Where, as here, the plaintiff's theory is that users unwittingly downloaded "free" music from a website that promoted its music as being "free," and then used that "free" music as background in internet videos, an allegation of willful copyright infringement is facially implausible. Makita respectfully submits that, under these circumstances, the Court should require more than mere labels and conclusions. Freeplay should have to allege meaningful facts that could support a conclusion of knowledge and intent in order to plead a claim for willful infringement. *See Iqbal*, 556 U.S. at 679. The Amended Complaint should be dismissed because Freeplay has utterly failed to do so.

Finally, in light of the recent amendments to this Court's Individual Practices, Makita respectfully requests a one week extension of the due date for Makita to answer, move or otherwise response to Freeplay's Amended Complaint, which is currently September 30, 2013, until October 7, 2013. Plaintiff assents to the request for an extension.

Sincerely,

Jaclyn H. Grodin

cc:   Seth L. Berman, Esq.
      Jason C. Kravitz, Esq.
      Ben Katzenellenbogen, Esq.