**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FREEPLAY MUSIC, LLC,<br><br>Plaintiff.<br><br>-against -<br><br>MAKITA U.S.A., INC.<br><br>Defendant. | Civil Action No.: 1:13-cv-5235-JPO |

## MEMORANDUM IN SUPPORT OF MAKITA U.S.A., INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Makita U.S.A., Inc. ("Makita") submits this Memorandum in support of its Motion to Dismiss the Amended Complaint filed by Plaintiff Freeplay Music, LLC ("Freeplay Music").

## I.    INTRODUCTION

The Amended Complaint in this action now identifies the allegedly infringing videos, and includes the conclusory allegation that Makita committed willful infringement.  However, the Amended Complaint: (1) fails to allege any facts that would plausibly suggest willful infringement; and (2) actually alleges facts that indicate any alleged infringement was entirely inadvertent and unintentional.  Accordingly, the Amended Complaint fails to sufficiently plead a claim for willful copyright infringement, and this Court should dismiss the allegations of willful infringement with prejudice.

## II.    LEGAL STANDARDS

A.    <u>Pleading Standards Generally</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to

1

state a claim to relief that is p lausible on its face ." *Bell A tl. Corp. v. Twombly* , 550 U.S. 544, 570 (2007); *Bejjani v. Manhattan Sheraton Corp.* , No. 12 Civ. 6618 (JPO), 2013 WL 3237845, at *5 (S.D.N.Y. June 27, 2013). To m eet this pl ausibility standard, a plaintiff m ust plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the m isconduct alleged." *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009); *Bejjani*, 2013 WL 3237845, at *5. "Threadbare recitals of the elem ents of a cause of action, supported by m ere conclusory statements" are insufficient to allow such an inference. *Id.*

The precise level of factual de tail required is no t the same in all cas es. Evaluating the sufficiency of pleadings is a "context-specific ta sk that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

B.     Elements of Willful Copyright Infringement

"To prove 'willfulness ' under the Copyright Act,    the plaintiff m ust show (1) that the defendant was actually aware of the infringing activ ity, or (2) that the de fendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255, 264 (S.D.N.Y. 2011).

### III.     **BACKGROUND**

A.     Procedural Posture

Freeplay Music filed the original Com plaint on July 26, 2013. (  *See* Doc. No. 1.) On September 10, 2013, Makita m oved to dismiss the original Complaint because it did not identify the allegedly infringing internet videos. (  *See* Doc. No. 10.) Freepla y Music f iled a First Amended Complaint that added only an exhibit identifying the allegedly infringing videos. ( *See* Doc. No. 12 & Ex. B.) The Am ended Complaint did not allege any facts suggesting Makita' s

awareness of the allegedly infringing activity.     Freeplay Music did not discuss with Makita whether the proposed amendments were sufficient, or if they created any new deficiencies.

The allegedly infringing work s identified by Freeplay Mus ic in the Am ended Complaint fall into two categories: (1) v ideos that wer e initially brought to Makita's attention prior to the commencement of this action ; and (2) additional videos th at were ide ntified in th e Am ended Complaint. As discuss ed in m ore detail be low, the Am ended Com plaint es tablishes tha t th e videos in the first category – four allegedly       infringing internet videos  that were brought to Makita's attention – were imm  ediately rem oved  as soon as they were identified.  Thus, the allegations in the Amended Complaint establish that Makita's actions regarding those four works were not willful.  With regard to the second category of allegedly infringing works, the Amended Complaint does not allege any f acts suggesting that Makita had b een notified that  any of those videos allegedly infringed any c opyrights.  Accordingly, the Am ended Complaint fails to allege facts plausibly establishing knowledge of any allege d infringement, or reckless disregard for, or willful blindness to, the copyrigh t holder's alleged rights.  Therefore, the Am ended Complaint fails to plead sufficient facts to support an allegation of willful infringement.

Makita brought these new deficiencies to F reeplay Music's attention during the meet and confer process pursuant to this Court's Indivi dual Practices, as amended on September 16, 2013. (*See* Doc. No. 13.)  F reeplay Music declined to further am end to address the deficiencies.  ( *See* Doc. No. 16.)  This Court granted Makita a     one week extension to respond to the Am   ended Complaint.  (*See* Doc. No. 18.)  This Motion followed.

B.    Background

This case is the r esult of the way tha t Freeplay Music nam ed, designed and prom oted its website, "freeplaym usic.com."  Freeplay Music    encouraged users  of it s website to download

music without requiring that they sign up for an  account, agree to any "term s of use," or pay for the "free" music.  After users do  wnloaded th e "free" m usic, a com pany called Tunesat would assert that using the songs const ituted copyright infringem ent.  ( *See* First Amended Complaint, Doc. No. 12 ("FAC") ¶ 21.)  In May, 2013, Tune      sat infor med Makita that Freeplay Music claimed rights in background m     usic that ha  d allegedly been downloaded for free from freeplaymusic.com and used in Makita videos.  ( *See* FAC ¶ 21 & Ex. C.)  Although Makita had not done anything wrong, it imm    ediately  removed the identified videos.  (  *See*  FAC ¶ 22 & Ex. D.)  Freeplay Mus  ic refused to accept M  akita's offer to pay the sm    all am ount that th  e website indicates Freeplay Musi   c would have sought in royal      ties for the alleged use, and Freeplay Music now seeks a windfall of millions of dollars.  (*See* FAC ¶ 29 & 42.)

Freeplay Music does not identify any a mount of actual damages it has allegedly suffered. (FAC ¶¶ 26-30, 42-43.)  The driving  force in this case is Freeplay  Music's request for exorbitant damages based on the m aximum statutory damages for willful infri ngement and attorneys' fees. (FAC ¶¶ 29-30, 42-43.)

C.      Allegations in the Amended Complaint

Freeplay M usic f ails to  sta te a c  laim f or  willful inf ringement because th  e Am ended Complaint does not allege any facts showing that  Freeplay Music is en titled to su ch relief.  The only allegations in the Amended Complaint regarding knowledge or intent are threadbare recitals and conclusory statements that are devoid of factual support and  are alleged only on inform ation and belief.  (FAC ¶¶ 23-24, 38-40.)

In contrast, the facts alleged in the Am     ended Com plaint and th  e correspondence that Freeplay M usic a ttached as exh ibits to the A  mended Complaint con firm that Makita  did no t know that Freeplay Music claimed copyrights in the background music at the time of the alleged

infringement.  They also confirm  that Makita  promptly removed the  videos upon learning of Freeplay Music's concerns.  These facts are fundamentally inconsistent with willfulness.

For exam ple, the Am ended Com plaint allege s that the acts of di    rect and indirect infringement occurred "[i]n or about Apri   l 2013, ... ."  (FAC ¶¶ 16, 32.)  The Am            ended Complaint does not allege that  Makita had any knowle dge of Freeplay Music's claim s at that time.  Indeed, the Am ended Complaint implies the opposite by alleging th at Tunesat "contacted Defendant to m ake Defendant aware of its   infringing activities" the following m onth.  (FAC ¶ 20.)  Specifically, the Amended Complaint attached an email from Tunesat dated May 2, 2013, which identified four videos as being of concer n to Freeplay Music.  (F AC ¶ 21 & E x. C.)  The Amended Complaint omitted Makita's respons e, but included a later em ail from Tunesat dated May 7, 2013, which ref lects that within five days  of receiving notice th e identified videos had already been removed.  (FAC ¶ 22 & Ex. D (asserting that Freeplay Music would "not accept the mere removal of the videos of [sic] as a full resolution of this matter").)

The Am ended Com plaint does not allege any    facts plausibly suggesting that Makita engaged in any act of infringement after            being notified of Freeplay Music's copyright allegations.  As set forth above, the Am    ended Co mplaint dem onstrates that Tunesat identified four allegedly infringing videos on May 2,   2013, and that by May 7, 2013, Makita had already removed those four videos.  The Am        ended Co mplaint does not allege any facts plausibly suggesting that Makita knew of Freeplay Music's  copyright claims before receiving the Tunesat email.  The Amended Complaint does not allege that Makita made any infringing use of the four videos after receiving the Tunesat em ail.  No r does the Amended Complaint identify any other allegedly infringing acts that occu rred after Makita was con tacted by Tun esat.  To the  contrary,

the Amended Complaint alleges that the copyrights and videos at issue relate to alleged acts of infringement that occurred in April, 2013. (FAC ¶¶ 16-17, 32 & Ex. B.)

The Amended Complaint alleges, "on information and belief," that unidentified acts continue to infringe unidentified copyrights, but does not allege any factual support. (*See* FAC ¶¶ 23-24, 38-39.) As set forth in Makita's previous Motion to Dismiss, allegations regarding unidentified copyrights and unidentified infringing works are legally insufficient. *See* Fed. R. Civ. P. 84 & Appx. Form 19, ¶ 6; *Home Design Services, Inc. v. J.F. Schoch Bldg. Corp.*, No. 2:11CV574, 2012 WL 442008, at *4 (E.D. Va. Feb. 10, 2012) ("Paragraph six of Form 19 provides that the plaintiff must identify the allegedly infringing work by name and attach a copy of the infringing work as an exhibit to the complaint."); *Calloway v. Marvel Entertainment Group*, No. 82 Civ. 8697 (RWS), 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (pleading copyright infringement requires identifying the allegedly infringing portion of the work).

Thus, the Amended Complaint does not allege or incorporate by reference any facts that could plausibly show that, at the time of the alleged acts of infringement, Makita had: (a) knowledge of Freeplay Music's copyrights; (b) knowledge of the alleged infringement; or (c) any intent to infringe or contribute to the infringement of Freeplay Music's copyrights.

## IV.   ARGUMENT

Freeplay Music's response to Makita's letter requesting a conference regarding the issues raised in this Motion confirms there is no dispute regarding the elements of a claim for willful copyright infringement. (*See* Doc. No. 16.) The only dispute appears to be whether Freeplay Music must plead the required elements.

A court recently found allegations of willful copyright infringement insufficient where the complaint failed to identify any facts suggesting willfulness. The court held:

> [Plaintiff's] com plaint has not adequate    ly alleged that Defendant's copyright
> infringement was willf ul. [ Plaintiff] asserts the legal co    nclusion th at Def endant has
> "knowingly, willingly, and/or deliberately infr inged, and/or acted in reckless dis regard in
> infringing, [Plaintiff's] copyr ights," Com pl. ¶ 60, but fails to provide any factual
> allegations regard ing D efendant's knowledge,    willfulness, or reck lessness, which, if
> accepted as true, would entitle [Plaintiff] to relief.

*Amini Innovation Corp. v. KTY Int'l. Mktg.*    , 768 F. Supp. 2d 1049, 1054-55 (C.D. Cal. 2011)

(citations and footnote om itted).  Freeplay Mus ic's Amended Complaint suffers from the sam e

deficiencies.

The Am ended Com plaint does not alleg e sufficient facts to plausibl y show that Makita

was aware of the a llegedly infringing activity, or that it showed reckless disregard for or willful

blindness to Freeplay Music's alle ged copyrights.  As discussed above, the allegations in the

Amended Complaint and the emails attached thereto indicate the opposite.

The Supreme Court has  recognized that the req uired leve l of factual de tail va ries from

case to case and has directed courts to apply "common sense" in evaluating whether the plaintiff

has pled sufficient facts to state a plausible cla im.  Accordingly, pleading specific facts m ay not

be necessary where the allegation of willful infringement is facially plausible.  *See Blagman v.*

*Apple Inc.*, No. 12 CIV. 5453 ALC JCF, 2013 WL 2181709, at *4 (S.D.N.Y. Ma    y 20, 2013)

(treating the elements of willful copyright infringement as a m atter of damages that need not be

pled in order to state a cause  of action for copyright infringem ent).  However, the Court should

require specific factual allegations in this case for at least three reasons.

First, F reeplay Music pled that the alleg ed ac ts of direct and cont ributory infringem ent

occurred in April, 2013.  (FAC    ¶¶ 16, 32.)  Freeplay Music also     pled that it did not provide

notice of its  copyrights and claim s of infr ingement until May, 2013.  (FAC ¶¶ 20-21, 35-36.)

Thus, the facts alleged in   the Am ended Com plaint i ndicate that Makita  was **not** aware of the

allegedly infringing activity at the tim e it occurr ed.  Makita could not have acted with reckless

disregard for, or willful blindn ess to, alleged rights of which Ma kita lacked actual knowledge. The Am ended Com plaint does not identify any c opyrights that were in fringed, or allegedly infringing acts that occurred, after May, 2013. ( *See* FAC ¶¶ 16-17 & 32.) Therefore, Freeplay Music has not only failed to plead facts supporting the required elements of willful infringement, Freeplay Music has alleged facts that negate the required elements. *See* Wu, 277 F.R.D. at 264.

Second, requiring Freeplay Music to plead facts sufficient to establish the elem ents of willful cop yright inf ringement is consis tent with *Iqbal* and *Twombly*, as well as the m ore developed case law regarding willful patent in fringement. The cases addressing the pleading standards f or willful p atent infringement uniformly require pleading f acts tha t would plausib ly support willfulness. *See Pecorino v. Vutec*, No. 11-CV-6312 (ADS), 2012 W L 5989918, at *24 (E.D.N.Y. Nov. 30, 2012). Courts uniformly require pleading facts sufficient to support at least "actual knowledge of the existence of the patent" prior to performing the allegedly willful acts of patent infringement. *Id.* Both willful copyright infringement and willful patent infringement are determinations that pr imarily relate to the av ailability of enhanced dam ages. The *Blagman* decision, on which Freeplay Music relies, distinguished *Amini* as having been decided in the context of entering default judgm ent, but did no t offer any reason for requiring fewer facts to plead willful copyright infringement than to plead willful p atent infringement. At the very least, Freeplay Music should have to plead, if it can do so in good faith, facts sufficient to plausibly suggest that Makita perfor med allegedly wrongf ul acts after acquiring knowledge of Freeplay Music's claims of copyright infringement.

Third, Free play Music' s claim s f or willf ul copyright inf ringement are so inher ently implausible that facts specifically supporting willfu lness should be required, even if they m ight not be required in every case. Freeplay Music' s theory is that users do wnloaded "free" m usic

8

from a website th at pro moted its music as bein  g "free," and then used that "free" m    usic as background in internet videos.    A lleging th at  such actio ns could  co nstitute willful copyrigh t infringement is facially im  plausible.  Makita   respectfully su  bmits that, at least under these unique circumstances, the Court should require more than mere labels and conclusions.  Freeplay Music should be required to allege m eaningful facts that could plausibly support a conclusion of knowledge and intent in or der to plead a claim  for  willful infringement.  *See Iqbal*, 556 U.S. at 679.  The Amended Complaint should be dismissed because Freeplay Music has failed to do so.

## V.  CONCLUSION

For the foregoing reasons, this Court shoul d grant Makita's Mo tion to Dismiss.  Freeplay Music had  every opportunity to v oluntarily amend to try  to ad dress the se deficiencies. ( *See* Doc. No. 13 .)   Accordingly, the Court m ay now dism iss Fr eeplay Mus ic's allegation s of  willf ul copyright infringement with prejudice.  *See* Individual Practices Rule 4(B)(iv) ("If the non-moving party has el ected not to  am end its  pleading and the  motion to dism iss is  granted, the Court will ordinarily not grant the n on-moving party  leave to am end to cure the deficiencies addressed b y the motion to dismiss.")

Respectfully submitted,

Date:  October 7, 2013          *s/ Benjamin A. Katzenellenbogen*

Paul D. Sarkozi
Jaclyn H. Grodin
**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email: sarkozi@thsh.com
 grodin@thsh.com

OF COUNSEL:
Michael K. Friedland
Benjamin A. Katzenellenbogen
Samantha Y. Hsu
**KNOBBE MARTENS OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax: (949) 760-9502
Email: michael.friedland@knobbe.com
 ben.katzenellenbogen@knobbe.com
 sam        antha.hsu@knobbe.com

*Attorneys for Defendant Makita U.S.A., Inc.*

16364052.7