UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC, <br><br> Plaintiff. <br><br> -against - <br><br> MAKITA U.S.A., INC. <br><br> Defendant. | Civil Action No.: 1:13-cv-5235-JPO |

## MEMORANDUM IN SUPPORT OF MAKITA U.S.A., INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Makita U.S.A., Inc. ("Makita") submits this Memorandum in support of its Motion to Dismiss the Amended Complaint filed by Plaintiff Freeplay Music, LLC ("Freeplay Music").

### I. INTRODUCTION

The Amended Complaint in this action now identifies the allegedly infringing videos, and includes the conclusory allegation that Makita committed willful infringement. However, the Amended Complaint: (1) fails to allege any facts that would plausibly suggest willful infringement; and (2) actually alleges facts that indicate any alleged infringement was entirely inadvertent and unintentional. Accordingly, the Amended Complaint fails to sufficiently plead a claim for willful copyright infringement, and this Court should dismiss the allegations of willful infringement with prejudice.

### II. LEGAL STANDARDS

A. <u>Pleading Standards Generally</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to

1

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bejjani v. Manhattan Sheraton Corp.*, No. 12 Civ. 6618 (JPO), 2013 WL 3237845, at *5 (S.D.N.Y. June 27, 2013). To meet this plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bejjani*, 2013 WL 3237845, at *5. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to allow such an inference. *Id.*

The precise level of factual detail required is not the same in all cases. Evaluating the sufficiency of pleadings is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

B.  Elements of Willful Copyright Infringement

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Wu v. Pearson Educ., Inc.*, 277 F.R.D. 255, 264 (S.D.N.Y. 2011).

### III.  BACKGROUND

A.  Procedural Posture

Freeplay Music filed the original Complaint on July 26, 2013. (*See* Doc. No. 1.) On September 10, 2013, Makita moved to dismiss the original Complaint because it did not identify the allegedly infringing internet videos. (*See* Doc. No. 10.) Freeplay Music filed a First Amended Complaint that added only an exhibit identifying the allegedly infringing videos. (*See* Doc. No. 12 & Ex. B.) The Amended Complaint did not allege any facts suggesting Makita's

2

awareness of the allegedly infringing activity. Freeplay Music did not discuss with Makita whether the proposed amendments were sufficient, or if they created any new deficiencies.

The allegedly infringing works identified by Freeplay Music in the Amended Complaint fall into two categories: (1) videos that were initially brought to Makita's attention prior to the commencement of this action; and (2) additional videos that were identified in the Amended Complaint. As discussed in more detail below, the Amended Complaint establishes that the videos in the first category – four allegedly infringing internet videos that were brought to Makita's attention – were immediately removed as soon as they were identified. Thus, the allegations in the Amended Complaint establish that Makita's actions regarding those four works were not willful. With regard to the second category of allegedly infringing works, the Amended Complaint does not allege any facts suggesting that Makita had been notified that any of those videos allegedly infringed any copyrights. Accordingly, the Amended Complaint fails to allege facts plausibly establishing knowledge of any alleged infringement, or reckless disregard for, or willful blindness to, the copyright holder's alleged rights. Therefore, the Amended Complaint fails to plead sufficient facts to support an allegation of willful infringement.

Makita brought these new deficiencies to Freeplay Music's attention during the meet and confer process pursuant to this Court's Individual Practices, as amended on September 16, 2013. (*See* Doc. No. 13.) Freeplay Music declined to further amend to address the deficiencies. (*See* Doc. No. 16.) This Court granted Makita a one week extension to respond to the Amended Complaint. (*See* Doc. No. 18.) This Motion followed.

B.  Background

This case is the result of the way that Freeplay Music named, designed and promoted its website, "freeplaymusic.com." Freeplay Music encouraged users of its website to download

3

music without requiring that they sign up for an account, agree to any "terms of use," or pay for the "free" music. After users downloaded the "free" music, a company called Tunesat would assert that using the songs constituted copyright infringement. (*See* First Amended Complaint, Doc. No. 12 ("FAC") ¶ 21.) In May, 2013, Tunesat informed Makita that Freeplay Music claimed rights in background music that had allegedly been downloaded for free from freeplaymusic.com and used in Makita videos. (*See* FAC ¶ 21 & Ex. C.) Although Makita had not done anything wrong, it immediately removed the identified videos. (*See* FAC ¶ 22 & Ex. D.) Freeplay Music refused to accept Makita's offer to pay the small amount that the website indicates Freeplay Music would have sought in royalties for the alleged use, and Freeplay Music now seeks a windfall of millions of dollars. (*See* FAC ¶ 29 & 42.)

Freeplay Music does not identify any amount of actual damages it has allegedly suffered. (FAC ¶¶ 26-30, 42-43.) The driving force in this case is Freeplay Music's request for exorbitant damages based on the maximum statutory damages for willful infringement and attorneys' fees. (FAC ¶¶ 29-30, 42-43.)

C.  Allegations in the Amended Complaint

Freeplay Music fails to state a claim for willful infringement because the Amended Complaint does not allege any facts showing that Freeplay Music is entitled to such relief. The only allegations in the Amended Complaint regarding knowledge or intent are threadbare recitals and conclusory statements that are devoid of factual support and are alleged only on information and belief. (FAC ¶¶ 23-24, 38-40.)

In contrast, the facts alleged in the Amended Complaint and the correspondence that Freeplay Music attached as exhibits to the Amended Complaint confirm that Makita did not know that Freeplay Music claimed copyrights in the background music at the time of the alleged

4

infringement. They also confirm that Makita promptly removed the videos upon learning of Freeplay Music's concerns. These facts are fundamentally inconsistent with willfulness.

For example, the Amended Complaint alleges that the acts of direct and indirect infringement occurred "[i]n or about April 2013, ... ." (FAC ¶¶ 16, 32.) The Amended Complaint does not allege that Makita had any knowledge of Freeplay Music's claims at that time. Indeed, the Amended Complaint implies the opposite by alleging that Tunesat "contacted Defendant to make Defendant aware of its infringing activities" the following month. (FAC ¶ 20.) Specifically, the Amended Complaint attached an email from Tunesat dated May 2, 2013, which identified four videos as being of concern to Freeplay Music. (FAC ¶ 21 & Ex. C.) The Amended Complaint omitted Makita's response, but included a later email from Tunesat dated May 7, 2013, which reflects that within five days of receiving notice the identified videos had already been removed. (FAC ¶ 22 & Ex. D (asserting that Freeplay Music would "not accept the mere removal of the videos of [sic] as a full resolution of this matter").)

The Amended Complaint does not allege any facts plausibly suggesting that Makita engaged in any act of infringement after being notified of Freeplay Music's copyright allegations. As set forth above, the Amended Complaint demonstrates that Tunesat identified four allegedly infringing videos on May 2, 2013, and that by May 7, 2013, Makita had already removed those four videos. The Amended Complaint does not allege any facts plausibly suggesting that Makita knew of Freeplay Music's copyright claims before receiving the Tunesat email. The Amended Complaint does not allege that Makita made any infringing use of the four videos after receiving the Tunesat email. Nor does the Amended Complaint identify any other allegedly infringing acts that occurred after Makita was contacted by Tunesat. To the contrary,

the Amended Complaint alleges that the copyrights and videos at issue relate to alleged acts of infringement that occurred in April, 2013. (FAC ¶¶ 16-17, 32 & Ex. B.)

The Amended Complaint alleges, "on information and belief," that unidentified acts continue to infringe unidentified copyrights, but does not allege any factual support. (*See* FAC ¶¶ 23-24, 38-39.) As set forth in Makita's previous Motion to Dismiss, allegations regarding unidentified copyrights and unidentified infringing works are legally insufficient. *See* Fed. R. Civ. P. 84 & Appx. Form 19, ¶ 6; *Home Design Services, Inc. v. J.F. Schoch Bldg. Corp.*, No. 2:11CV574, 2012 WL 442008, at *4 (E.D. Va. Feb. 10, 2012) ("Paragraph six of Form 19 provides that the plaintiff must identify the allegedly infringing work by name and attach a copy of the infringing work as an exhibit to the complaint."); *Calloway v. Marvel Entertainment Group*, No. 82 Civ. 8697 (RWS), 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (pleading copyright infringement requires identifying the allegedly infringing portion of the work).

Thus, the Amended Complaint does not allege or incorporate by reference any facts that could plausibly show that, at the time of the alleged acts of infringement, Makita had: (a) knowledge of Freeplay Music's copyrights; (b) knowledge of the alleged infringement; or (c) any intent to infringe or contribute to the infringement of Freeplay Music's copyrights.

## IV.  ARGUMENT

Freeplay Music's response to Makita's letter requesting a conference regarding the issues raised in this Motion confirms there is no dispute regarding the elements of a claim for willful copyright infringement. (*See* Doc. No. 16.) The only dispute appears to be whether Freeplay Music must plead the required elements.

A court recently found allegations of willful copyright infringement insufficient where the complaint failed to identify any facts suggesting willfulness. The court held:

6

> [Plaintiff's] complaint has not adequately alleged that Defendant's copyright infringement was willful. [Plaintiff] asserts the legal conclusion that Defendant has "knowingly, willingly, and/or deliberately infringed, and/or acted in reckless disregard in infringing, [Plaintiff's] copyrights," Compl. ¶ 60, but fails to provide any factual allegations regarding Defendant's knowledge, willfulness, or recklessness, which, if accepted as true, would entitle [Plaintiff] to relief.

*Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054-55 (C.D. Cal. 2011) (citations and footnote omitted). Freeplay Music's Amended Complaint suffers from the same deficiencies.

The Amended Complaint does not allege sufficient facts to plausibly show that Makita was aware of the allegedly infringing activity, or that it showed reckless disregard for or willful blindness to Freeplay Music's alleged copyrights. As discussed above, the allegations in the Amended Complaint and the emails attached thereto indicate the opposite.

The Supreme Court has recognized that the required level of factual detail varies from case to case and has directed courts to apply "common sense" in evaluating whether the plaintiff has pled sufficient facts to state a plausible claim. Accordingly, pleading specific facts may not be necessary where the allegation of willful infringement is facially plausible. *See Blagman v. Apple Inc.*, No. 12 CIV. 5453 ALC JCF, 2013 WL 2181709, at *4 (S.D.N.Y. May 20, 2013) (treating the elements of willful copyright infringement as a matter of damages that need not be pled in order to state a cause of action for copyright infringement). However, the Court should require specific factual allegations in this case for at least three reasons.

First, Freeplay Music pled that the alleged acts of direct and contributory infringement occurred in April, 2013. (FAC ¶¶ 16, 32.) Freeplay Music also pled that it did not provide notice of its copyrights and claims of infringement until May, 2013. (FAC ¶¶ 20-21, 35-36.) Thus, the facts alleged in the Amended Complaint indicate that Makita was **not** aware of the allegedly infringing activity at the time it occurred. Makita could not have acted with reckless

7

disregard for, or willful blindness to, alleged rights of which Makita lacked actual knowledge. The Amended Complaint does not identify any copyrights that were infringed, or allegedly infringing acts that occurred, after May, 2013. (*See* FAC ¶¶ 16-17 & 32.) Therefore, Freeplay Music has not only failed to plead facts supporting the required elements of willful infringement, Freeplay Music has alleged facts that negate the required elements. *See* Wu, 277 F.R.D. at 264.

Second, requiring Freeplay Music to plead facts sufficient to establish the elements of willful copyright infringement is consistent with *Iqbal* and *Twombly*, as well as the more developed case law regarding willful patent infringement. The cases addressing the pleading standards for willful patent infringement uniformly require pleading facts that would plausibly support willfulness. *See Pecorino v. Vutec*, No. 11-CV-6312 (ADS), 2012 WL 5989918, at \*24 (E.D.N.Y. Nov. 30, 2012). Courts uniformly require pleading facts sufficient to support at least "actual knowledge of the existence of the patent" prior to performing the allegedly willful acts of patent infringement. *Id.* Both willful copyright infringement and willful patent infringement are determinations that primarily relate to the availability of enhanced damages. The *Blagman* decision, on which Freeplay Music relies, distinguished *Amini* as having been decided in the context of entering default judgment, but did not offer any reason for requiring fewer facts to plead willful copyright infringement than to plead willful patent infringement. At the very least, Freeplay Music should have to plead, if it can do so in good faith, facts sufficient to plausibly suggest that Makita performed allegedly wrongful acts after acquiring knowledge of Freeplay Music's claims of copyright infringement.

Third, Freeplay Music's claims for willful copyright infringement are so inherently implausible that facts specifically supporting willfulness should be required, even if they might not be required in every case. Freeplay Music's theory is that users downloaded "free" music

from a website that promoted its music as being "free," and then used that "free" music as background in internet videos. Alleging that such actions could constitute willful copyright infringement is facially implausible. Makita respectfully submits that, at least under these unique circumstances, the Court should require more than mere labels and conclusions. Freeplay Music should be required to allege meaningful facts that could plausibly support a conclusion of knowledge and intent in order to plead a claim for willful infringement. *See Iqbal*, 556 U.S. at 679. The Amended Complaint should be dismissed because Freeplay Music has failed to do so.

## V. **CONCLUSION**

For the foregoing reasons, this Court should grant Makita's Motion to Dismiss. Freeplay Music had every opportunity to voluntarily amend to try to address these deficiencies. (*See* Doc. No. 13.) Accordingly, the Court may now dismiss Freeplay Music's allegations of willful copyright infringement with prejudice. *See* Individual Practices Rule 4(B)(iv) ("If the non-moving party has elected not to amend its pleading and the motion to dismiss is granted, the Court will ordinarily not grant the non-moving party leave to amend to cure the deficiencies addressed by the motion to dismiss.")

Respectfully submitted,

Date: October 7, 2013

*s/ Benjamin A. Katzenellenbogen*

Paul D. Sarkozi
Jaclyn H. Grodin
**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email: sarkozi@thsh.com
       grodin@thsh.com

OF COUNSEL:
Michael K. Friedland
Benjamin A. Katzenellenbogen
Samantha Y. Hsu
**KNOBBE MARTENS OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502
Email: michael.friedland@knobbe.com
       ben.katzenellenbogen@knobbe.com
       samantha.hsu@knobbe.com

*Attorneys for Defendant Makita U.S.A., Inc.*

16364052.7