UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREEPLAY MUSIC, LLC,

                                      Plaintiff,

          - against -

MAKITA U.S.A., INC,

                                    Defendant.

Case No. 13 cv 05235
(JPO) (FM)

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
<u>THE FIRST AMENDED COMPLAINT</u>**

NIXON PEABODY LLP
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500

*Counsel for Plaintiff
Freeplay Music, LLC*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

ARGUMENT .................................................................................................................................4

    POINT I

        ALLEGATIONS OF "WILLFULNESS" NEED NOT BE
        SUBSTANTIATED IN A COMPLAINT UNDER THE *IQBAL*
        STANDARD ..................................................................................................4

    POINT II

        THE AMENDED COMPLAINT CONTAINS SUFFICIENT
        FACTUAL ALLEGATIONS TO STATE A CLAIM OF
        WILLFUL INFRINGEMENT ......................................................................7

    POINT III

        DEFENDANT'S ALLEGED POST-INFRINGEMENT ACTIONS
        ARE NOT GROUNDS FOR A MOTION TO DISMISS ........................8

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amini Innovation Corp. v. KTY Intern. Marketing,*
   768 F. Supp. 2d 1049 (C.D. Cal. 2011) ............................................................................6

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..........................................................................................................4

*Blagman v. Apple Inc.,*
   1:12-cv-05453 (ALC)(JCF), 2013 WL 2181709 (S.D.N.Y. May 20, 2013) ...................5

*Faulkner v. Nat'l Geographic Soc'y,*
   576 F. Supp. 2d 609 (S.D.N.Y., 2008)..............................................................................9

*Fernandez v. Chertoff,*
   471 F.3d 45 (2d Cir. 2006)............................................................................................5, 7

*Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.,*
   807 F.2d 1110 (2d Cir. 1986).............................................................................................6

*Island Software and Computer Services, Inc. v. Microsoft Corp.,*
   413 F.3d 257 (2d Cir. 2005)...........................................................................................7, 9

*Kassner v. 2nd Ave. Delicatessen Inc.,*
   496 F.3d 229 (2d Cir. 2007)...........................................................................................4, 7

*N.A.S. Import Corp. v. Chenson Enters., Inc.,*
   968 F.2d 250 (2d Cir. 1992)..............................................................................................9

*Oliver Schools, Inc. v. Foley et al.,*
   930 F2d 248 (2d Cir. 1991)...............................................................................................5

*Porat v. Lincoln Towers Community Association et al.,*
   464 F3d 274 (2d Cir. 2006)...............................................................................................5

## PRELIMINARY STATEMENT

Plaintiff Freeplay Music, LLC ("Freeplay") submits this Memorandum of Law in opposition the Motion to Dismiss the First Amended Complaint ("Amended Complaint") (the "Motion") (ECF 24-25) filed by Defendant Makita U.S.A., Inc. ("Defendant"). The facts of this copyright infringement case are simple and are clearly articulated in the Amended Complaint. Defendant downloaded a number of copyrighted songs owned by Freeplay (the "Songs") and, without authorization, used them to make commercials. (*See* ¶¶ 6-25, 32-41 of the Amended Complaint). While no reasonable person could be confused by the allegations in the Amended Complaint, Defendant filed this *second* motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it is trying to avoid answering the allegations in the Amended Complaint, to which it has no substantive defense. The utter lack of merit in Defendant's motion makes clear that Defendant's true motive is to delay this action and drive up the cost of litigation.

Specifically, the instant Motion seeks only to dismiss Freeplay's allegations of "willful" copyright infringement on the grounds that the Amended Complaint fails to allege facts suggesting willfulness.[1]  However, Defendant's Motion has no basis in law or fact and should be denied for at least the following reasons: (1) "willfulness," the statutory trigger for enhancing damages in a copyright infringement claim, may be proven at any time before trial and is not an element of copyright infringement that needs to be substantiated at the complaint stage; (2) Defendant's argument is hinged on the contention that Freeplay will be unable to prove "willfulness", an argument that ignores the well-settled principle that facts alleged in a complaint must be taken as true for purposes of a motion to dismiss; (3) Defendant curiously chose not to

---

[1] Tellingly, nowhere in Defendant's Motion does Defendant deny that it downloaded and used the Songs at issue without authorization.

raise in the alleged "willfulness" defect in its first motion to dismiss, though it could have. As such, Freeplay respectfully requests that Defendant's Motion be denied in its entirety and that this case be allowed to proceed apace.

## STATEMENT OF FACTS

Freeplay is a small independent music publishing and production library that has seen its business and industry decimated by piracy. It operates a website that allows customers to purchase licenses to synchronize the music in its catalog for use in audiovisual works.

Defendant is the U.S. subsidiary of Makita Corporation, a multinational company that generated nearly $4 billion in revenue last year. Defendant is also a highly sophisticated business organization that operates an in-house production company called Makita Film Productions, owns a number of its own copyrights, has its own in-house legal department, and has in the past licensed music for use in its advertisements.

Defendant downloaded the Songs from Freeplay's website, used the Songs in a number of unauthorized video commercials, and distributed the videos on Defendant's website and other places on the Internet. Freeplay's site made clear that any use of Freeplay's music would be subject to the Terms of Use and would require the execution of a license agreement and payment of the appropriate licensing fee. More specifically, the Freeplay homepage contained the following advisory in a prominent and conspicuous place:

> ***To Learn how you can use Freeplay Music click on Terms of Use, Licensing, Rate Card. Questions or Comments, contact us at: (212) 974-0548.***

The rate card and Terms of Use – which Defendant either intentionally disregarded or carefully chose not to read – provides a detailed explanation of the royalty regime for using Freeplay music. Thus, contrary to Defendant's claims, Freeplay does not promote its music as

being "free." Freeplay's website allows potential customers to *play* the individual songs on the website without charge before deciding whether to license a particular song (unlike many of Freeplay's production music industry competitors that require the purchase of entire song libraries or CD compilations without the ability to listen to every track before purchase) – hence the name "Freeplay."[2]

While Defendant – a sophisticated conglomerate with its own captive production company – claims to have fallen victim to a "trap," thousands of Freeplay's customers have figured out how to properly license music from Freeplay's website over the past twelve years. This "entrapment" defense is nothing more than a *post hoc* fantasy. In addition, the Amended Complaint alleges that the Songs were published with a copyright notice. (*See* ¶ 15 of the Amended Complaint). As detailed below, these allegations either show that Defendant was actually aware of its infringing activity or that it acted in reckless disregard for, or with willful blindness to, Freeplay's rights – the standard for willful copyright infringement in the Second Circuit.

**Procedural History**

On September 10, 2013, Defendant filed a Rule 12(b)(6) motion, identifying two nonsensical "defects" in support of its dismissal argument. (*See* ECF No. 10). Specifically, Defendant alleged that the Complaint was defective because it did not identify the "titles" of the infringing advertisements or include copies of the videos as exhibits – neither of which is required to properly state a claim for copyright infringement and both of which could have (and should have) been addressed informally, without wasting the Court's time on motion practice.

---

[2] Freeplay's Terms of Use do provide for certain limited rate-free licenses, but not for use in commercial advertisements such as the ones created by Defendant. Regardless, even the limited royalty-free licenses still require the user to execute a written license agreement.

Incredibly, Defendant also requested oral argument on these non-issues. While Freeplay is confident Defendant's earlier motion would have been denied, it chose to amend its complaint to allow the case to proceed without further delay.

But Defendant's dilatory tactics did not stop there. Defendant now seeks to dismiss the Amended Complaint based on Freeplay's alleged failure to sufficiently substantiate its allegations of willful infringement – an argument Defendant could have (and should have) raised in its first motion to dismiss. More to the point, if Defendant *truly* believed the "willfulness" issue were meaningful, it would have raised it in its first motion. As detailed below, Defendant – relying on a misreading of a decision it cites – would have the Court spend its time deciding whether Freeplay has *at the outset of the litigation* sufficiently described the "willful" aspect of Defendant's infringement without the benefit of discovery.[3]

## ARGUMENT

### POINT I

### ALLEGATIONS OF "WILLFULNESS" NEED NOT BE SUBSTANTIATED IN A COMPLAINT UNDER THE *IQBAL* STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a claim need only contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678; *see also, Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Further, the appropriate inquiry is not

---

[3] Tellingly, Defendant has refused to provide Freeplay with informal discovery relating to its defenses to willfulness, claiming such requests are premature.

whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims. *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006) (internal quotation marks and citation omitted).

Here, Defendant does not allege that Freeplay failed to properly state a claim for copyright infringement, but instead seeks only to dismiss Freeplay's allegation of "willfulness," with prejudice.[4] In other words, Defendant maintains that if Freeplay does not have all the facts it needs to *prove* willfulness at the complaint stage, prior to conducting any discovery, it is *forever precluded* from pursuing this claim. This is a nonsensical position that is not supported by the law. *See Oliver Schools, Inc. v. Foley et al.*, 930 F2d 248, 253 (2d Cir. 1991) ("Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course."); *Porat v. Lincoln Towers Community Association et al.*, 464 F3d 274, 276 (2d Cir. 2006) ("Without doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6).").

Ironically, the Court need only consider the *Blagman* decision cited in Defendant's motion, where this Court analyzed a complaint for copyright infringement under the *Iqbal* pleading standard and held that "willfulness" is not an element of copyright infringement and therefore denied a motion to dismiss for alleged failure to factually substantiate a "willfulness" claim in a complaint. *See Blagman v. Apple Inc.*, 1:12-cv-05453 (ALC)(JCF), 2013 WL

---

[4] It bears noting that Defendant seeks dismissal *with prejudice*. In effect, Defendant is attempting to permanently deny Freeplay the opportunity to establish willful infringement before the parties have even begun discovery. This position flies in the face of common sense and Rule 15 of the Federal Rules of Civil Procedure. By extension, Defendant seems to believe that a party must at the time of filing a complaint have in its possession all of the information needed to prove every element of its claims, including elements required to establish a defendant's *mens rea* – effectively mooting the entire discovery process.

2181709 at *11-13 (S.D.N.Y. May 20, 2013) ("The contention that Blagman has not established willfulness is irrelevant at this point since willfulness may be demonstrated any time before trial and thus cannot be an element of a copyright infringement claim") *citing 17 U.S.C.A. §504(c)* ("copyright owner may elect, at any time before final judgment is rendered . . . an award of statutory damages" which the district court may enhance in its discretion to $150,000 per infringed work upon a finding that the infringement was committed willfully"); *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1113 (2d Cir. 1986) ("Under § 501(a) intent or knowledge is not an element of infringement. . . . Innocence is only significant to a trial court when it fixes statutory damages, which is a remedy equitable in nature.").

Notably, the *Blagman* court also distinguished and rejected the sole authority cited by Defendant in support of its contention that Freeplay must plead facts of willful infringement in the complaint. *Id.* at *12-13 ("The only case Defendants cite for the proposition that Plaintiff needs to plead willful infringement in the complaint, *Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F. Supp. 2d 1049 (C.D. Cal. 2011), is easily distinguished. There, the court determined damages for a default judgment, where the defendant never appeared and the plaintiff had provided no basis in his complaint that statutory damages for willfulness were warranted… Already, this case is quite the opposite and is heavily contested.").

Thus, contrary to Defendant's mischaracterization, the *Amini* court did not dismiss the plaintiff's claims for willful infringement for failing to identify sufficient facts suggesting willfulness. Rather, in the context of determining damages *following entry of default judgment*, the Court merely declined to award enhanced statutory damages based on the allegations made in the complaint. Read correctly, the *Amini* decision offers no support for Defendant's position.

There is no default judgment in the instant case and, after thorough fact discovery, Freeplay intends to *fully* substantiate its willfulness allegations well before trial. At the conclusion of discovery, if Defendant believes Freeplay cannot make out a claim for willfulness, it will have the right to move for summary judgment on that issue. Raising the issue now, and hinging its dubious position on an argument already squarely rejected by another Court in this District, strongly suggests that Defendant is improperly seeking to delay this action and to drive up Freeplay's litigation costs. The Court should not countenance this.

## POINT II

### THE AMENDED COMPLAINT CONTAINS SUFFICIENT FACTUAL ALLEGATIONS TO STATE A CLAIM OF WILLFUL INFRINGEMENT

Although Freeplay is not required to substantiate its allegations of willfulness until trial, the Amended Complaint undoubtedly contains sufficient factual allegations to properly state a claim to survive a motion to dismiss.

On a motion to dismiss, the court will accept the plaintiff's allegations as true, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), and "[m]ust draw all reasonable inferences in favor of the plaintiff." *Id citing Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006). The Court's inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims. *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006) (internal quotation marks and citation omitted). Importantly, willful infringement may be proved either by showing that a defendant was actually aware of its infringing activity *or* that a defendant acted in reckless disregard for, or willful blindness to, a plaintiff's rights. *Island Software and Computer Services, Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005).

In this case, Freeplay clearly pleads in the Amended Complaint that Defendant's infringements were willful because the Songs were published with a copyright notice and that the Defendant continued to use Freeplay's Songs, even after receiving the two Takedown Notices. (*See* ¶¶ 15, 21-24, 36-39 of the Amended Complaint). Taken as true, these allegations, alone, are more than sufficient to state a claim for willfulness and confirm that Freeplay is entitled to offer evidence in support.

Furthermore, Defendant misconstrues the contents of the Takedown Notices (*See* Exhibits "C" and "D" annexed to the Amended Complaint"). The second Takedown Notice, annexed to the Amended Complaint as Exhibit "D," explicitly states that Freeplay's copyright administrator found additional infringing uses of Freeplay's works *after sending the first Takedown Notice*. Defendant's refusal to properly investigate whether or not it had used other Songs owned by Freeplay after receiving the first Takedown Notice is compelling evidence that Defendant acted with reckless disregard to, or willful blindness of, Freeplay's rights.

## POINT III

### DEFENDANT'S ALLEGED POST-INFRINGEMENT ACTIONS ARE NOT GROUNDS FOR A MOTION TO DISMISS

Defendant's arguments that it allegedly complied with the Takedown Notices it received from Freeplay's copyright administrator *after* Defendant already used the Songs in its video advertisements without authorization, is not evidence that Defendant did not act willfully and does not alter the legal analysis for a motion to dismiss, where the plaintiff's allegations must be taken as true. Defendant's contentions, even if accepted as true, do not absolve Defendant of willful infringement that occurred *before* receiving the Takedown Notices and, at best, create issues of fact that the parties should explore during discovery. Again, a Complaint need not

*prove* the allegations contained therein; it need only provide sufficient notice of the nature of the claims.

Copyright infringement is a strict liability wrong in the sense that a plaintiff need not prove wrongful intent or culpability in order to prevail. *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 613 (S.D.N.Y., 2008). In addition, willful infringement may be proven by a showing of actual awareness of a defendant's infringing activity *or* a reckless disregard for or willful blindness to a plaintiff's rights. *Island Software and Computer Services, Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). And knowledge of infringement can be constructive rather than actual, which means willfulness can be established by inference. *N.A.S. Import Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992)) ("knowledge of infringement may be constructive rather than actual; that is, it need not be proven directly but may be inferred from the defendant's conduct"). This is particularly applicable to sophisticated infringers like the Defendant. *See id* at 253 *citing Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986).

Defendant got caught using the Songs to make commercials. Whether Defendant timely complied with the Takedown Notices *after* it was caught does not mean, *ipso facto*, that its unauthorized acts of copying, reproducing, synchronizing and distributing the Songs were not willful at the time of infringement. Defendant is a highly sophisticated entity familiar with music licensing. It used the Songs in its advertisements notwithstanding that the Songs were published on Freeplay's website with a copyright notice and with conspicuous Terms of Use making clear that use of the Songs required execution of a written license agreement and payment of a licensing fee. Defendant may not like it, but actions like these clearly fall squarely within the ambit of willful infringement in the Second Circuit.

In light of the foregoing, it is clear that the Motion is nothing more than a dilatory tactic and a premature attempt to limit its potential liability. While Freeplay understands the motivation, the Federal Rules of Civil Procedure do not support Defendant's theory that a plaintiff must *prove* its claim at the pleading stage, prior to conducting any discovery, or forever lose the right to bring the claim. Freeplay respectfully requests that this case be allowed to proceed on the basis of the Amended Complaint.

Defendant is putting the cart before the horse. If, after the close of discovery, Defendant maintains that Freeplay has not adduced sufficient evidence to support a finding of willful infringement, Defendant will have the opportunity to move for summary judgment on that issue. Until then, the Court should allow Freeplay to proceed with this action.

## CONCLUSION

As a result of the foregoing, Freeplay respectfully requests that the Court deny Defendant's Motion in its entirety, and allow the case to proceed on the Amended Complaint.

Dated: Jericho, New York
October 21, 2013

>                          Respectfully submitted,
>
>                          NIXON PEABODY LLP
>
>                          /s/  *Seth L. Berman*
>                          SETH L. BERMAN
>
>                          50 Jericho Quadrangle, Suite 300
>                          Jericho, New York 11753-2728
>                          Phone: (516) 832-7500
>                          Fax: (866) 761-4147
>                          Email: sberman@nixonpeabody.com
>
>                          OF COUNSEL:
>                          Jason C. Kravitz
>                          Nixon Peabody LLP

                                                    100 Summer Street
                                                    Boston, Massachusetts 02110
                                                    Phone: (617) 345-1318
                                                    Fax:   (866) 947-1715
                                                    Email: jkravitz@nixonpeabody.com

                                                    *Attorneys for Plaintiff Freeplay Music, LLC*

TO:    Michael K. Friedland
         Benjamin A. Katzenellenbogen
         Samantha Y. Hsu
         KNOBBE MARTENS OLSON & BEAR, LLP
         2040 Main Street, Fourteenth Floor
         Irvine, CA 92614
         Phone: (949) 760-0404
         Fax: (949) 760-9502
         Email:  michael.friedland@knobbe.com
                     ben.katzenellenbogen@knobbe.com
                     samantha.hsu@knobbe.com

         <u>OF COUNSEL:</u>

         Paul D. Sarkozi
         Jaclyn H. Grodin
         TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
         900 Third Avenue
         New York, NY 10022
         Phone: (212) 508-6700
         Fax: (212 371-1084
         Email:  sarkozi@thsh.com
                     grodin@thsh.com

         *Attorneys for Defendant Makita U.S.A., Inc.*