UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC, | Civil Action No.: 1:13-cv-5235-JPO |
| Plaintiff. | |
| -against - | |
| MAKITA U.S.A., INC. | |
| Defendant. | |

**REPLY IN SUPPORT OF MAKITA U.S.A., INC.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Makita U.S.A., Inc. ("Makita") submits this Reply in support of its Motion to Dismiss the First Amended Complaint filed by Freeplay Music, LLC ("Freeplay Music").

### I.     INTRODUCTION

Freeplay Music's Opposition begins, not by focusing on the allegations in its pleading, but with a "Statement of Facts" that consists almost entirely of irrelevant assertions that may not be considered on a motion to dismiss because they were not alleged in the First Amended Complaint ("FAC").  Freeplay Music's inclusion of new assertions in its Opposition highlights the insufficiency of the facts that are alleged in the FAC.  As set forth in Makita's opening brief, the FAC fails to allege facts sufficient to plausibly suggest that Makita had knowledge of, or recklessly disregarded, Freeplay Music's copyrights.  Accordingly, the FAC does not state a claim for willful copyright infringement.  The Opposition does not meaningfully rebut any of Makita's arguments, and all of Freeplay Music's "points" are wrong.

Pleading a claim for copyright infringement requires identifying the allegedly infringing videos.  Pleading a claim for willful copyright infringement requires alleging facts that plausibly suggest one or more of the allegedly infringing acts was undertaken with knowledge of, or

1

reckless disregard for, the alleged copyrights. Freeplay Music's original Complaint did not even identify the allegedly infringing videos. The FAC identifies the videos, but does not identify any video that allegedly remained available on the internet after Makita was notified of Freeplay Music's claims of infringement. Nor does the FAC allege any facts that would plausibly suggest Makita received constructive notice that Freeplay Music claimed copyrights in the allegedly copied songs. Accordingly, the allegations in the FAC do not identify any alleged act of infringement that plausibly occurred after Makita received actual or constructive notice of Freeplay Music's copyrights.

This Court should dismiss the allegations of willful infringement because Freeplay Music has not plausibly alleged that Makita acted with the required state of mind.

## II. FREEPLAY MUSIC MUST ALLEGE FACTS SUFFICIENT TO SUPPORT ITS ALLEGATION OF WILLFUL INFRINGEMENT

Makita's opening brief explained that pleading a claim for willful copyright infringement requires alleging sufficient facts to plausibly support the required state of mind. *See Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054-55 (C.D. Cal. 2011). The first of Freeplay Music's three "points" is the legally incorrect argument that Freeplay Music does not have to allege facts supporting its willfulness allegations. (*See* Opp'n to Mot. to Dismiss (Doc. No. 26) ("Opp'n") pp. 4-7.) This argument is largely based on confusing the requirement to *plead* supporting facts, which must be done in the complaint, with the requirement to *prove* those facts at trial.

### A. Plaintiff's Arguments Do Not Meaningfully Address the *Iqbal* Standard

Freeplay Music incorrectly argues that Makita is suggesting that, "if Freeplay does not have all the facts it needs to *prove* willfulness at the complaint state, prior to conducting any discovery, it is *forever precluded* from pursuing this claim." (Opp'n p. 5.) Makita never made

any such argument. Rather, the basis for this Motion is that, under *Iqbal*, Freeplay Music's allegations of willful infringement should be dismissed because the FAC does not **allege** any facts that plausibly support the conclusion that Makita acted with the required state of mind. *See Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (conclusory allegations of knowledge or recklessness are insufficient to allege malice under Rule 8); *Biro v. Conde Nast*, No. 11 Civ. 4442 (JPO), 2013 WL 3948394, at *19 (S.D.N.Y. Aug. 1, 2013) (same, dismissing complaint and observing that, "[c]ourts in this district have also dismissed pleadings of actual malice where the allegations were conclusory and lacked plausibility."). As the Supreme Court stated in *Iqbal*, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although Freeplay Music mentions the pleading standard under *Iqbal*, (*see* Opp'n p. 4), Freeplay Music's arguments rely on pre-*Iqbal* cases (*see* Opp'n pp. 4-5, 7). To the extent Freeplay Music is arguing that its pleading is sufficient under the prior standard, or that its allegations are sufficient as long as they recite the elements of the cause of action, Freeplay Music's arguments are entirely irrelevant because they do not reflect the modern pleading requirements.

### B. The *Blagman* Decision Did Not Overrule *Iqbal*

Freeplay Music's arguments also place far too much reliance on the *Blagman* decision. Although *Blagman* is a recent opinion from this District, it is not clear what argument *Blagman* was rejecting. The *Blagman* court may simply have been rejecting the frivolous argument (which Freeplay Music raises as a strawman here), that a plaintiff must **establish** the facts supporting its case at the pleading stage. In the very sentence quoted by Freeplay Music, the *Blagman* court stated that, "[t]he contention that Blagman has not **established** willfulness is irrelevant at this point since willfulness may be **demonstrated** any time before trial and thus

3

cannot be an element of a copyright infringement claim." *Blagman v. Apple Inc.*, No. 12 CIV. 5453 (ALC) (JCF), 2013 WL 2181709, at *4 (S.D.N.Y. May 20, 2013) (emphases added). Of course, a plaintiff need not *establish* any facts at the pleading stage. The elements of a properly pled cause of action, including state of mind and damages, may be demonstrated at any time before trial. However, a complaint does need to allege facts that, if established, would plausibly support the claim. *Iqbal*, 556 U.S. at 678.

Freeplay Music concedes that willful infringement requires at least "a showing of actual awareness of a defendant's infringing activity *or* a reckless disregard for or willful blindness to a plaintiff's rights." (Opp'n p. 9.) Thus, there is no dispute that willful infringement is not a strict liability wrong, and that intent, knowledge, or at least recklessness are required elements of willful copyright infringement. Accordingly, Freeplay Music's argument that non-willful "[c]opyright infringement is a strict liability wrong", (Opp'n p. 9), is irrelevant to the pleading standard for willful infringement. Freeplay Music's citation to cases observing that intent and knowledge are not elements that must be proven to establish ***non-willful*** infringement are similarly beside the point. (*See* Opp'n p. 6 (citing *Fitzgerald Pub. Co., Inc. v Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1113 (2d Cir. 1986).)

To the extent *Blagman* was suggesting that a plaintiff need not allege facts sufficient to plausibly support the required state of mind in order to survive a motion to dismiss, *Blagman* is inconsistent with the Supreme Court's holding in *Iqbal*. Although states of mind need not be pled with the level of specificity required under Rule 9, they must be supported by plausible factual allegations. Indeed, that was the exact issue in *Iqbal*. The Supreme Court unequivocally stated that, "respondent's complaint does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory ***state of mind***." *Iqbal*, 556 U.S. at 683 (emphasis

4

added).  The Supreme Court held that conclusory allegations regarding state of mind "do not meet the standard necessary to comply with Rule 8." *Id.*; *see also id.*, at 686.  The *Blagman* decision did not and could not overrule the Supreme Court's holding.  Freeplay Music's contrary suggestion reinforces that *Blagman* is not be binding on this Court and should not be followed.

As set forth in Makita's opening brief, requiring that Freeplay Music plead facts sufficient to plausibly support an allegation of willful copyright infringement is also consistent with the analogous and well-developed caselaw regarding willful patent infringement.  (*See* Mem. in Supp. of Mot. to Dismiss ("Mem.") (Doc. No. 25) p. 8.)  The Opposition does not mention or attempt to distinguish any of those cases.  Nor did *Blagman* offer any reason for requiring fewer facts to plead willful copyright infringement than to plead willful patent infringement.  *See Blagman*, 2013 WL 2181709, at *4.  Accordingly, the FAC should be dismissed because Freeplay Music's conclusory allegations that Makita acted with the required state of mind are insufficient.  *See Amini*, 768 F. Supp. 2d at 1054-55; *Iqbal*, 556 U.S. 662; *Mayfield*, 674 F.3d at 378; *Biro*, 2013 WL 3948394, at *19.

### III. PLAINTIFF'S NEW ASSERTIONS IN ITS OPPOSITION DO NOT SUPPORT A CLAIM OF WILLFUL INFRINGEMENT

The Opposition begins with, and heavily relies on, a "Statement of Facts" that contains entirely new assertions that are not in the FAC and which are not supported by any citations to the FAC.  (Opp'n pp. 3-4.)  "A complaint cannot be amended merely by raising new facts and theories in [] opposition papers, and hence such new allegations and claims should not be considered in resolving [a] motion."  *Southwick Clothing LLC v. GFT (USA) Corp.*, 99 CV 10452 (GBD), 2004 WL 2914093 (S.D.N.Y. Dec. 15, 2004).  New assertions that Freeplay Music chose not to allege in the FAC cannot support Freeplay Music's allegations of willfulness.  *Id.*  In deciding this motion to dismiss, this Court should focus on the factual allegations that

Freeplay Music made in the FAC. *See Zick v. Waterfront Comm'n of N.Y. Harbor*, 11 CIV. 5093 (CM), 2012 WL 4785703, at *3 (S.D.N.Y. Oct. 4, 2012) (declining to consider new facts alleged by plaintiff in opposition to a motion to dismiss).

IV.   **THE ALLEGATIONS IN THE FAC DO NOT PLAUSIBLY SUGGEST WILLFUL INFRINGEMENT**

The FAC does not allege any facts that plausibly support Freeplay Music's allegation of willfulness. Freeplay Music asserts that the FAC pleads two bases for willful infringement: (1) Freeplay Music's songs were allegedly published with a copyright notice; and (2) Makita allegedly continued to use Freeplay Music's songs after receiving two takedown notices. (Opp'n p. 8.) As set forth below, the FAC does not allege facts sufficient to support either theory. The assertion that Makita continued to infringe after receiving takedown notices is addressed first because that was the only basis for willfulness actually alleged in the FAC.

A.   **The Allegations in the Complaint Do Not Plausibly Suggest That the Takedown Notices Provided Actual or Constructive Knowledge of Subsequent Infringing Acts**

In the FAC, the basis of Freeplay Music's allegation of willful infringement is that Makita supposedly knew or should have known that the accused videos were infringing after receiving takedown notices from Tunesat. Specifically, the FAC alleges that, "despite receipt of the Cease and Desist Notice and Second Notice, [Makita] willfully refused to stop its unauthorized use of the Songs." (FAC ¶ 23; *see also id.* ¶ 38.) As Makita pointed out in its opening brief, the allegations in the FAC do not allege any facts that plausibly support this conclusion. (*See* Mem. p. 5.) Indeed, the FAC alleges the opposite.

The FAC identified two categories of allegedly infringing videos: a first category of four videos that Freeplay Music alleged were removed immediately upon receiving the takedown notices, (*see* FAC Ex. C); and a second category of videos that were not identified in any takedown notice and were never identified as allegedly infringing until the FAC, (*see* FAC

Ex. B).  The FAC establishes that, after receiving notice of Freeplay Music's alleged copyrights, Makita promptly removed the identified videos.  (*See* FAC Ex. D.)

Thus, the FAC provides no support for the allegation that Makita's allegedly willful conduct consisted of acts occurring after receiving the takedown notices.  (*See* FAC ¶¶ 23-24, 37-38.)  Makita's opening brief pointed out that the FAC failed to identify *any* video that allegedly remained accessible on the internet after Makita received the takedown notice.  Freeplay Music does not confront this fundamental failure to identify the videos that allegedly constitute the willfully infringing acts.  Instead, Freeplay Music offers only its irrelevant third "point" that, if the FAC had alleged facts supporting willfulness with respect to some videos, an absence of willful infringement allegations with regard to other allegedly infringing videos would not immunize the properly pled conduct.  (*See* Opp'n pp. 8-9.)

Regardless of whether failing to remove previously posted videos after receiving a takedown notice could constitute willful infringement, the FAC does not identify any video that allegedly remained available after Makita was provided notice that it allegedly infringed.  Accordingly, the FAC fails to plausibly allege any act of willful infringement.

**B.  Makita Raised the Defect in the FAC as Soon as Freeplay Music Identified the Allegedly Infringing Videos**

Freeplay Music suggests in passing that Makita should have pointed out that Freeplay Music failed to sufficiently substantiate its allegations of willful infringement in Makita's first motion to dismiss.  (*See* Opp'n pp. 1, 3-4, 10.)  However, the original complaint did not identify which songs were being asserted, or which of Makita's videos were accused of infringement.  (Mem. p. 3.)  It was only after Freeplay Music identified the two categories of allegedly infringing videos in its FAC that Makita could articulate why there was no basis for Freeplay Music's claim of willful infringement.

### C. The Allegations in the Complaint Do Not Plausibly Suggest That a "Copyright Notice" Provided Actual or Constructive Knowledge of Subsequent Infringing Acts

Unable to identify even a single video that supposedly remained accessible after being identified as allegedly infringing, Freeplay Music's Opposition presents a new argument based on Makita's alleged activity prior to receiving the takedown notices. In its Opposition, Freeplay Music argues for the first time that Makita allegedly willfully infringed because it, "used the Songs in its advertisements notwithstanding that the Songs were *published on Freeplay's website with a copyright notice* … ." (Opp'n p. 9 (emphasis added).) The only support Freeplay Music cites for this new argument is a single conclusory allegation in the FAC that Freeplay Music's songs "were published with a copyright notice." (FAC ¶ 15.) Contrary to Freeplay Music's assertion in the Opposition, the allegation in the FAC does not say anything about the copyright notice appearing on Freeplay Music's website. (*Id.*) Nor does the FAC suggest that the alleged notice is a basis for the allegations of willfulness. (*Id.*)

This allegation cannot plausibly support willfulness because the FAC conspicuously fails to allege facts suggesting that someone downloading songs from its website would have seen the alleged copyright notice. (*Id.*) Freeplay Music fails to allege any facts related to where, when or how the unidentified copyright notices were allegedly published. (*Id.*) This is a critical omission because a published copyright notice could only be relevant to willfulness if Freeplay Music had alleged facts suggesting that the form and location of the copyright notice provided actual or constructive notice to Makita. Freeplay Music failed to allege any such connection in its FAC.

For example, the FAC fails to allege any facts suggesting that Freeplay Music complied with the statutory requirements for providing copyright notice. *See* 17 U.S.C. 402(b) (requiring that the notice consist of three elements: (1) the letter "p" in a circle; (2) the year of first publication; and (3) the name of the copyright owner). Nor does Freeplay Music allege any facts

8

from which this Court could reasonably infer that the notice was placed, "in such manner and location as to give reasonable notice of the claim of copyright." 17 U.S.C. 402(c).

Alleging such facts would have been particularly important in this case because, according to Freeplay Music, Makita "downloaded the Songs from Freeplay's website, … ." (Opp'n p. 2.)  As a result, there was no relevant tangible item to which Freeplay Music could have been referring when it alleged that the songs published with a copyright notice.  In particular, Freeplay Music does not allege that any of the digital audio files Makita allegedly downloaded from Freeplay Music's website contained a copyright notice.  Nor does the FAC identify any language on Freeplay Music's website that allegedly would have placed Makita on notice of Freeplay Music's copyright claims.

Thus, Freeplay Music's allegation that the songs were allegedly published somewhere with some type of copyright notice is insufficient to plausibly establish that Makita knew or should have known of Freeplay Music's copyright claims.  Even an allegedly "sophisticated" entity like Makita should not be left to guess as to what facts Freeplay Music thinks allegedly put Makita on notice of its copyrights.

V. **FREEPLAY MUSIC IS NOT ENTITLED TO LEAVE TO AMEND**

Freeplay Music should not be granted leave to amend the FAC.  Freeplay Music had the choice of filing a second amended pleading or relying on the FAC.  *See* Individual Practices in Civil Cases ¶ 4.E.  Freeplay Music chose not to add any more allegations and, instead, to rely on the FAC.

"Denial of leave to amend may be appropriate where, as here, the plaintiff declined an invitation to amend its complaint, even after potential defects in the complaint had been pointed out and the plaintiff has been given opportunity to cure them." *City of Sterling Heights Police & Fire Ret. Sys. v. Vodafone Grp. Pub. Ltd. Co.*, No. 07 CIV. 9921 (PKC), 2010 WL 309009 at *2

(S.D.N.Y. Jan. 22, 2010).  This Court employs "a procedure wherein the defendants submitted letters to the plaintiffs outlining alleged defects in the complaint."  *Id.*  Freeplay Music was "given the opportunity to cure those defects by filing a second amended complaint."  *Id.*  As stated by Judge Koeltl: "This procedure was intended to prevent the parties from needlessly expending considerable time, effort, and expense in briefing the motion to dismiss and obtaining a decision on that motion, which would then be followed by yet another amended complaint and possibly a new round of motions to dismiss."  *Id.* (*quoting In re Eaton Vance Mut. Funds Fee Litig.,* 403 F. Supp. 2d 310, 319 (S.D.N.Y. 2005), *aff'd sub nom, Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110 (2d Cir. 2007).  Freeplay Music is "not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies."  *Eaton Vance*, 403 F. Supp. 2d at 318 (quoting *PR Diamonds, Inc. v. Chandler,* 364 F.3d 671, 699 (6th Cir. 2004)).

      Freeplay Music understood the potential consequences of electing to stand on the inadequate allegations in the FAC.  There is no reason this Court should allow Freeplay Music to have yet another bite at the apple.

## VI. CONCLUSION

For the foregoing reasons, this Court should grant Makita's Motion to Dismiss.

Respectfully submitted,

Date:  October 31, 2013

/s/ Benjamin A. Katzenellenbogen

Michael K. Friedland (Admitted *Pro Hac Vice*)
Benjamin A. Katzenellenbogen
(Admitted *Pro Hac Vice*)
Samantha Y. Hsu (Admitted *Pro Hac Vice*)
**KNOBBE MARTENS OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax: (949) 760-9502
Email:  michael.friedland@knobbe.com
            ben.katzenellenbogen@knobbe.com
            samantha.hsu@knobbe.com

Paul D. Sarkozi
Jaclyn H. Grodin
**TANNENBAUM HELPERN**
**SYRACUSE & HIRSCHTRITT LLP**
900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email:  sarkozi@thsh.com
            grodin@thsh.com

*Attorneys for Defendant Makita U.S.A., Inc.*

16545459