UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC, | ) <br> ) Civil Action No.: 1:13-cv-5235-JPO <br> ) |
| Plaintiff. | ) <br> ) |
| -against - | ) <br> ) |
| MAKITA CORPORATION <br> and MAKITA U.S.A., INC. | ) <br> ) <br> ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MAKITA U.S.A, INC.'S
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Makita U.S.A., Inc. ("Makita USA") submits this Memorandum in support of its Motion to Dismiss the Third Amended Complaint filed by Plaintiff Freeplay Music, LLC ("Freeplay Music").[1]

## I. INTRODUCTION

Freeplay Music continues to delay these proceedings by attempting to assert claims it cannot sufficiently plead in good faith. Although Freeplay Music agreed to remove the deficient alter ego allegations from its Second Amended Complaint, the current Third Amended Complaint ("Complaint") retains the insufficiently pled allegation that Makita Japan is vicariously liable for the alleged infringement by Makita USA.

The concept of vicarious copyright infringement is based on an arcane line of precedent holding that the owner of a dance hall can be held liable for the infringing performances of its entertainers. Vicarious copyright liability was never intended to override corporate formalities,

---

[1] A response to the Third Amended Complaint from Defendant Makita Corporation ("Makita Japan") is not due until at least April 4, 2014. Although Makita Japan has not yet been properly served under the Hague Convention, a stipulation between the parties to resolve that issue has been submitted and is currently pending before the Court.

- 1 -

and courts in this district have been particularly reluctant to apply this cause of action in the parent-subsidiary context. Pleading a claim for vicarious copyright infringement requires alleging facts that, if proven, would establish two elements: (1) the right and ability of the parent corporation to supervise the subsidiary through a continuing connection with regard to the allegedly infringing activity; and (2) an obvious and direct financial benefit to the parent from that allegedly infringing activity. The Complaint does not allege any *facts* plausibly suggesting either element. Accordingly, the Complaint fails to plead a claim for vicarious copyright infringement, and this Court should dismiss the Fourth Cause of Action for vicarious copyright infringement.

## II.  LEGAL STANDARDS

### A.  Pleading Standards Generally

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Legal conclusions may "provide the framework of a complaint, [but] they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### B.  Vicarious Copyright Infringement

A parent corporation cannot be held vicariously liable for acts of alleged copyright infringement by a subsidiary unless "the parent has done more in relation to the infringing activity than simply be the parent." *Banff Ltd. v. Ltd., Inc.*, 869 F. Supp. 1103, 1110 (S.D.N.Y.

1994); *Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.*, 886 F.2d 1545, 1553 (9th Cir. 1989) ("a parent corporation cannot be held liable for the infringing actions of its subsidiary unless there is a substantial and continuing connection between the two with respect to the infringing acts"). Vicarious liability requires "indicia beyond the mere legal relationship showing that the parent is actually involved with the decisions, processes, or personnel directly responsible for the infringing activity." *Banff*, 869 F. Supp. at 1109 (citations omitted).

Drawing on older case law from the Second Circuit, and more recent case law from other circuits, district courts in the Southern District of New York have articulated a two-part test for vicarious copyright infringement. The parent corporation must: (1) have the right and ability to supervise the subsidiary through a continuing connection between the two in regard to the allegedly infringing activity; and (2) have a direct financial interest in the allegedly infringing activity. *Id.*; *see also Shapiro, Bernstein & Co., Inc. v. H.L. Green Co. Inc.*, 316 F.2d 304, 307 (2d Cir. 1963). The Complaint fails to allege facts sufficient to plausibly support either element.

## III.  ARGUMENT

Freeplay Music's allegations in support of the Fourth Cause of Action for vicarious liability are all legal conclusions, irrelevant, or both. (*See* Complaint ¶¶ 7, 13-18, 19, 20, 127, 128). These perfunctory recitations are insufficient to allege a claim for vicarious liability for two reasons. First, Freeplay Music's legal conclusions are not allegations of fact. Second, Freeplay Music's arguably factual assertions are, at most, allegations of features common to every parent-subsidiary relationship, and as such are legally insufficient to support a claim for vicarious copyright infringement. Fundamentally, the Complaint lacks any allegations of ***facts*** that could plausibly lead to the conclusion that Makita Japan had the "right and ability" to supervise Makita USA's alleged acts of copyright infringement, or that Makita Japan had a

*direct* financial interest in those alleged acts. *See Banff*, 869 F. Supp. at 1110-11. Accordingly, the Fourth Cause of Action should be dismissed.

### A.    Freeplay Music Does Not Allege Sufficient Control Over The Alleged Infringement

To properly plead the first element, Freeplay Music would have to allege facts plausibly suggesting that Makita Japan exercised control or supervision over Makita USA's alleged acts of direct infringement, such as being in a position to control the specific personnel and activities allegedly responsible for the direct infringement. *See Berry v. Deutsche Bank Trust Co. Ams.*, 07 Civ. 7634(WHP), 2008 WL 4694968, at *5 (S.D.N.Y. Oct. 21, 2008) aff'd, 378 F. App'x 110 (2d Cir. 2010). The Complaint does not allege any such facts.

#### 1.    Allegations Directed Toward The Nature Of A Parent-Subsidiary Relationship Are Insufficient

Freeplay Music's assertions of vague legal conclusions that Makita Japan exercises "control" over Makita USA, (*see* Complaint ¶¶ 7, 19, 20, 127), are insufficient for two distinct reasons. First, Freeplay Music fails to allege any facts plausibly suggesting that Makita Japan exercises such control. (*See id.*). Second, and more importantly, Freeplay Music does not allege that Makita Japan exercised control over the ***alleged acts of copyright infringement***, let alone any facts that would plausibly support such conclusion. (*See id.*). Another court in this District recently dismissed a claim of vicarious copyright infringement for precisely this reason. *Berry*, 2008 WL 4694968, at *5 (holding that the complaint failed to allege any facts showing the necessary degree of control over the alleged acts of direct copyright infringement).

Freeplay Music also makes the conclusory statement that Makita Japan has the "right and ability to supervise its subsidiaries." (*See* Complaint ¶ 127). This assertion is not even specifically directed toward Makita USA, let alone the allegedly infringing acts. Moreover, observations regarding the nature of the parent-subsidiary relationship are insufficient to plead a

claim for vicarious liability. This is because, "the parent-subsidiary relationship is not marked by a presumption that the acts of the one are intimately associated with the other." *Banff*, 869 F. Supp. at 1109. Accordingly, "the mere potential to influence inherent in the parent-subsidiary relationship is inadequate to ground vicarious liability for infringement." *Id*. at 1108-09. Freeplay Music's conclusory statements regarding features that are common or inherent between any parent corporation and a wholly owned subsidiary are insufficient to support a claim for vicarious liability. *See id*.

The *Banff* court, in the context of determining that the complaint failed to state a claim for relief specifically cautioned against applying the theory of vicarious copyright liability in such a way as to, "attach liability to every parent corporation for the infringing acts of its subsidiaries, solely because of the parent-subsidiary relationship." *Id.* at 1107 (rejecting allegations as insufficient after converting the motion to dismiss into a motion for summary judgment). Factual allegations of a parent's actual control and supervision over the subsidiary's alleged acts of direct infringement are required because actual exercise of control cannot be presumed from the mere power to control. *See id.* at 1109-10. Freeplay Music has failed to allege such facts.

### 2. Vague Allegations Of "Involvement" Or "Participation" In The Allegedly Infringing Acts Are Insufficient

The only allegation in the Complaint that is plausibly related to the alleged acts of copyright infringement is the conclusory statement that, on information and belief, "Makita Corp.'s sales and marketing division . . . was actually involved with" the alleged copyright infringement. (*See* Complaint ¶ 112). Simply asserting that Makita Japan was somehow "involved" with the alleged infringement, without alleging any supporting facts or alleging what

the involvement was, is not sufficient to plausibly suggest that Makita Japan had control over, or the ability to supervise, Makita USA's alleged acts of direct infringement.

Another court in this District expressly found that a similar allegation – that defendants "participated in" at least some of the acts of alleged direct infringement – was insufficient to allege the level of authorization or participation necessary to support a claim for vicarious liability. *See Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000). The court in that case stated that the complaint lacked a "description of acts" that would indicate vicarious liability. *Id.* Freeplay Music's Complaint similarly lacks a description of any acts that would plausibly lead to the conclusion that Makita Japan authorized or participated in Makita USA's alleged copyright infringement.

### 3. The Complaint Does Not Allege Any Other Facts Suggesting A Connection To The Alleged Acts Of Infringement

Freeplay Music's Complaint makes allegations regarding factors generally present in parent-subsidiary relationships. (*See* Complaint ¶¶ 7, 13-18, 19, 20, 127, 128). However, it does not make any allegations plausibly demonstrating there was some connection between Makita Japan and Makita USA **with regard to the specific acts that constitute the allegedly infringing activity**. *See Banff*, 869 F. Supp. at 1110. The Complaint contains no allegations plausibly suggesting that Makita Japan and Makita USA's paths "cross on a daily basis," such that Makita Japan is in a position to control or supervise Makita USA's personnel and activities responsible for the alleged copyright infringement. *See id.* at 1109. There are also no facts alleged that would plausibly lead to the conclusion that the day-to-day decisions of Makita USA are made by Makita Japan, or that any decisions related to the allegedly infringing activity were made by anyone outside of Makita USA. *See id.* at 1110. Therefore, Freeplay Music's claim of vicarious

copyright infringement should be dismissed for failure to allege any *facts* regarding Makita Japan's control or supervision over Makita USA's alleged infringement.

B.     **Freeplay Music Does Not Allege Direct Financial Benefit**

Freeplay Music recites the legal conclusion that Makita Japan has an "obvious and direct financial interest" in the allegedly infringing activity. (*See* Complaint ¶ 128). However, this is based on the suggestion that the allegedly infringing acts may contribute toward generating profits for Makita Japan subsidiaries, which, as a result of the parent-subsidiary relationship, eventually flow to Makita Japan. (*See id.*). This may be sufficient to allege an *indirect* financial benefit, but fails to suggest any *direct* financial benefit to Makita Japan from the allegedly infringing activity. As the *Banff* court recognized, "[e]very parent will benefit from its subsidiary's profit-generating activities, and every parent will have the opportunity to guide the affairs of its subsidiary." *Banff*, 869 F. Supp. at 1107. The court further observed that, consolidated financial performance does not indicate a "continuing connection with the activities and people involved in the alleged infringement." *Id.* at 1110.

Accordingly, Freeplay Music has also failed to allege facts sufficient to plausibly suggest the required "direct financial interest" in the allegedly infringing activity. *Id.*; *see also Berry*, 2008 WL 4694968, at *5.

### IV.  **CONCLUSION**

At the pleading stage, Freeplay Music does not have to allege or present *evidence* proving the *facts* that would be necessary to establish the elements of a claim for vicarious copyright liability. However, Freeplay Music does have to allege the existence of *facts* that, if proven, would be sufficient to support the cause of action. *Iqbal*, 556 U.S. at 679. As set forth above, Freeplay Music has not alleged any such *facts*, and indeed has not alleged anything

beyond the level of control and involvement inherent in any parent-subsidiary relationship. Accordingly, Freeplay Music's Complaint fails to plead sufficient *facts* in support of its claim for vicarious liability, and the Fourth Cause of Action should be dismissed.

Respectfully submitted,

Date:  February 27, 2014  **KNOBBE MARTENS OLSON & BEAR, LLP**

*/s/ Benjamin A. Katzenellenbogen*
Michael K. Friedland
Benjamin A. Katzenellenbogen
Samantha Y. Hsu

2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax: (949) 760-9502
Email:  michael.friedland@knobbe.com
            ben.katzenellenbogen@knobbe.com
            samantha.hsu@knobbe.com

**TANNENBAUM HELPERN SYRACUSE & HIRSCTRITT LLP**
Paul D. Sarkozi
Jaclyn H. Grodin

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email:  sarkozi@thsh.com
            grodin@thsh.com

*Attorneys for Defendant Makita U.S.A., Inc.*

17234236_7