UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREEPLAY MUSIC, LLC,

Plaintiff,

- against -

MAKITA CORPORATION and
MAKITA U.S.A., INC,

Defendants.

Case No. 13 cv 05235
(JPO) (FM)

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT MAKITA U.S.A., INC.'S
MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT**

NIXON PEABODY LLP
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500

*Counsel for Plaintiff
Freeplay Music, LLC*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ..................................................................................................... 4


<u>POINT I</u>

     MAKITA U.S.A. DOES NOT HAVE STANDING TO MOVE TO
     DISMISS A CLAIM AGAINST MAKITA CORP. ....................................... 4


<u>POINT II</u>

     THE THIRD AMENDED COMPLAINT CONTAINS A SUFFICIENT
     FACTUAL SHOWING TO PLEAD A PLAUSIBLE CAUSE OF ACTION
     FOR VICARIOUS COPYRIGHT INFRINGEMENT UNDER THE *IQBAL*
     AND *TWOMBLY* STANDARD ................................................................ 6

     a.    The Pleading Standard ................................................................ 6

     b.    Elements of Vicarious Copyright Infringement ......................... 7

     c.    Freeplay Has Pled Sufficient Facts to Support a Plausible
          Claim of Vicarious Copyright Infringement............................... 8

          1.    Makita Corp.'s Relationship and Connection to
               The Infringing Activities ................................................ 8

          2.    Makita Corp.'s Direct Financial Interest in Makita, U.S.A.'s
               Infringing Activities...................................................... 10

     d.    The Cases Cited by Makita U.S.A. Provide No Support for its Arguments
          and Are Factually Distinguishable ........................................... 11


CONCLUSION.................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arista Records LLC v. Usenet.com, Inc.,*
   633 F. Supp. 2d 124 (S.D.N.Y. 2009)................................................................7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)...........................................................................................7

*Banff Ltd. v. Limited, Inc.,*
   869 F. Supp. 1103 (S.D.N.Y. 1994)............................................................11, 12

*Berry v. Deutsche Bank Trust Co. Ams.,*
   07 Civ. 7634 (WHP), 2008 WL 4694968 (S.D.N.Y. Oct. 21 2008) aff'd, 378 F.
   App'x 110 (2d Cir. 2010).................................................................................12

*Blank Productions, Inc. et al. v. Warner/Chappell Music, Inc.,*
   2013 U.S. Dist. LEXIS 1202 ........................................................................7, 10

*Carell v. Schubert Org., Inc.,*
   104 F. Supp. 2d 236 (S.D.N.Y. 2000)........................................................13, 14

*Elliot v Gouverneur Tribune Press, Inc. et al.,*
   2013 U.S. Dist. LEXIS 169921 (N.D.N.Y. 2013) ..............................................9

*Farrell v. Burke,*
   499 F.3d 470 (2d Cir. 2006).................................................................................4

*Fernandez v. Chertoff,*
   471 F.3d 45 (2d Cir. 2006)...................................................................................7

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.,*
   886 F.2d 1545 (9th Cir. 1989) ...........................................................................13

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.,*
   08 CIV. 1533..........................................................................................................5

*Gershwin Publishing Corporation v. Columbia Artists Management, Inc.,*
   43 F.2d 1159 (2d Cir. 1971).................................................................................7

*Kassner v. 2nd Ave. Delicatessen Inc.,*
   496 F.3d 229 (2d Cir. 2007).................................................................................7

*Madu v. Socketworks, Ltd.,*
   265 F.R.D. 106 (S.D.N.Y. 2010) .........................................................................4

*S.E.C. v. Lines*,
    2009 W.L. 2431976, at *2 (S.D.N.Y. 2009) ................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. R. 8 ...........................................................................................................6

Fed. R. Civ. P. R. 11 .........................................................................................................6

Fed. R. Civ. P. R. 15 .........................................................................................................5

Fed. R. Civ. P. R. 56 .......................................................................................................11

Fed. R. Civ. P. R. 12(b)(6) .................................................................................1, 5, 6, 11, 13

## PRELIMINARY STATEMENT

Plaintiff Freeplay Music, LLC ("Freeplay") submits this Memorandum of Law in opposition to the Motion to Dismiss the Third Amended Complaint ("TAC") (the "Motion") (ECF 47-48) filed by Defendant Makita U.S.A., Inc. ("Makita U.S.A.").

The facts of this copyright infringement case are simple and are clearly articulated in the TAC. Makita U.S.A. and its co-defendant Makita Corporation ("Makita Corp.") downloaded a number of copyrighted songs owned by Freeplay (the "Songs") and, without authorization, used them to make commercials. (*See* ¶¶ 6-25, 32-41 of the Amended Complaint, ECF 1). Neither defendant has any viable defense to this action, and therefore Makita U.S.A., has filed its *third* motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to further delay this action and to further its war of attrition. However, the utter lack of merit in Makita U.S.A.'s motion, and the specious arguments set forth therein, belie Makita U.S.A.'s true motives.

Specifically, the instant Motion seeks to dismiss the entire TAC on the grounds that only the "Fourth Claim for Relief" (which was asserted only against Makita Corp. and not Makita U.S.A.) fails to state a claim for which relief may be granted because the TAC is devoid of facts to support a cause of action for vicarious copyright infringement against Makita Corp.[1] However, Makita U.S.A.'s Motion has no basis in law or fact and should be denied for at least the following reasons: (i) the "Fourth Claim for Relief" for vicarious copyright infringement was asserted only against Makita Corp., which has not yet appeared in this action, and thus Makita U.S.A. has no standing to move to dismiss this cause of action on any grounds; (ii) even if Makita U.S.A. did have standing to move to dismiss the "Fourth Claim for Relief" for

---

[1] Tellingly, nowhere in the Motion does Makita U.S.A. deny that the defendants downloaded and used the Songs at issue without authorization from Freeplay.

vicarious copyright infringement pled only against Makita Corp., it should be estopped from doing so because it failed to formally raise any defect in the "Fourth Claim for Relief" when it was first asserted in the Second Amended Complaint; and (iii) the TAC clearly alleges facts to establish that Makita Corp. had control over Makita U.S.A.'s infringing activity, and received a direct financial benefit from that activity, thereby supporting a plausible cause of action for vicarious copyright infringement under the *Iqbal* and *Twombly* pleading standard.

Accordingly, Freeplay respectfully requests that the Motion be denied in its entirety.

**Relevant Procedural History**

On or about November 15, 2013, and after oral argument on Makita U.S.A.'s *second* motion to dismiss, the Court granted Freeplay leave to serve a Second Amended Complaint ("SAC"), in part, to assert causes of action for direct copyright infringement and vicarious copyright infringement against a new defendant, Makita Corp. Further, the Court directed Makita U.S.A. not to move against any of Freeplay's allegations of willful infringement when it responds to the SAC. After receiving the SAC, counsel for Makita U.S.A. and Makita Corp., sent a letter  pursuant to the Court's then-existing Individual Practices in Civil Cases alleging a number pleading defects on the face of the SAC (the "January 9th Letter") (A copy of the January 9th Letter is filed as <u>Exhibit "A"</u>  to ECF 51).  However, *nowhere in the January 9th Letter did either defendant allege any defect in the "Fourth Claim for Relief" for vicarious copyright infringement (asserted only against defendant Makita Corp.).*

On or about January 16, 2014, Freeplay wrote a letter to the Court requesting leave to amend the SAC to address the alleged defects raised by Makita U.S.A. in the January 9th Letter (which alleged defects had nothing to do with the vicarious copyright infringement claim against

Makita Corp.) to again avoid unnecessary motion practice over those alleged defects. On or about January 22, 2014, the Court granted Freeplay's request.

Freeplay filed the TAC on February 5, 2014 and Makita U.S.A. and Makita Corp. were served the following day. Makita U.S.A.'s response was due on or before February 27, 2014 and Makita Corp.'s response is due on or before April 4, 2014. (*See* ECF 40 and 43). On February 27, 2014, Makita U.S.A., Inc. filed the Motion seeking to dismiss the TAC *in its entirety* on the grounds that the "Fourth Claim for Relief" against Makita Corp. allegedly fails to state a claim for vicarious copyright infringement, even though it is clear in the TAC that the "Fourth Claim for Relief" is asserted only against Makita Corp. (the claim is entitled, "Vicarious Copyright Infringement *Against Makita Corp.*" and the prayer for relief only seeks relief from Makita Corp.) (*See* ¶¶ 17, 24 of the TAC, ECF 39). Makita U.S.A. did not move against, or answer, the causes of action asserted against it in the TAC (*See* ¶¶ 45-86 of the TAC, ECF 39).

On March 3, 2014, Freeplay filed a letter regarding Makita U.S.A.'s procedurally improper Motion, seeking direction from the Court on whether Freeplay was obligated to respond (*See* ECF 51)(the "March 3rd Letter"). Makita U.S.A. filed a response to Freeplay's March 3rd Letter on March 5, 2014. (*See* ECF 52). On March 13, 2014, the Court issued an Order directing the parties to brief the Motion and ordering that Makita U.S.A. file an answer to the first two causes of action asserted against it in the TAC by April 4, 2014. (*See* ECF 53).

## ARGUMENT

### POINT I

### MAKITA U.S.A. DOES NOT HAVE STANDING TO MOVE TO DISMISS A CLAIM AGAINST MAKITA CORP.

Makita U.S.A.'s filing of the Motion is pure gamesmanship, designed to drive up Freeplay's litigation costs by forcing it to respond to a baseless motion. Makita U.S.A. also undoubtedly hopes to further delay filing an answer because it has no substantive defense to the allegations asserted against it in the TAC and will be unable to deny liability in good faith.

It is well settled that a party does not have standing to defend or prosecute a legal cause of action for another party, and therefore Makita U.S.A. has no standing to file a motion to dismiss a cause of action asserted only against Makita Corp. As the Second Circuit has made clear, "Federal Courts as a general rule allow litigants to assert only their own legal rights and interests and not the legal rights and interests of third parties." *Farrell v. Burke,* 499 F.3d 470, 494 (2d Cir. 2006); *see also Madu v. Socketworks, Ltd.,* 265 F.R.D. 106, 114-15 (S.D.N.Y. 2010) (holding that co-defendants do not have standing to move or assert defenses on behalf of other defendants); *S.E.C. v. Lines,* 2009 W.L. 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) (holding same). Tellingly, Makita U.S.A. cites no authority to the contrary in its moving papers. (*See* ECF 48).

Here, it is clear in the TAC that the "Fourth Claim for Relief" is asserted only against Makita Corp. Indeed, the claim is entitled, "Vicarious Copyright Infringement *Against Makita Corp.*", and the prayer for relief only seeks relief from Makita Corp. (*See* ¶¶ 17 and 24 of the TAC, ECF 39). Accordingly, Makita U.S.A. has no standing to dismiss the "Fourth Claim for Relief" asserted only against Makita Corp.

- 4 -

Furthermore, none of the cases cited in Makita U.S.A.'s March 5th Letter give Makita

U.S.A. standing to move dismiss the "Fourth Claim for Relief," nor do they contradict the cases

cited above and the seemingly indisputable  proposition that one party cannot move to dismiss a

complaint asserted against a different party.  The cases cited in Makita U.S.A.'s letter merely

give a party standing to oppose a motion for leave to amend a pleading made under Fed. R. Civ.

P. 15, even if an amended complaint only asserts causes of action against a new or different

defendant, if the amendment would be futile, in bad faith, or cause undue delay or prejudice to

the opposing party. *See Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 08 CIV.

1533 BSJJCF, 2011 WL 1142916, at *3 (S.D.N.Y. 2011).  The reason for this rule is that the

very act of amending a pleading and expanding the scope and duration of discovery may

prejudice the moving party-defendant even if the substantive changes to the complaint do not

affect it.

None of these issues comes into play here.  Makita U.S.A. is not opposing a Motion to

Amend under Rule 15; rather, it is *moving to dismiss a cause of action against another party*

*under Rule 12 after the pleading has already been amended*.  The Court has already granted

Freeplay's letter motion for leave to amend the SAC (*See,* ECF 37) and *Makita U.S.A. never*

*opposed the amendment*.

Even assuming, *arguendo*, that Makita U.S.A. has standing to make the Motion, Makita

U.S.A. should be estopped from doing so.  *Neither Makita U.S.A. nor Makita Corp. raised any*

*defect in the vicarious infringement claim when they sent the January 9th Letter in formal*

*response to being served with the SAC.* (*See* ECF 50, Exhibit "A").  The Court's Individual

Practices regarding motions to dismiss appeared to be designed to encourage parties to attempt to

resolve *all* disputes over perceived defects in the complaint rather than to create an opportunity

for one party to delay the action by filing serial motions based on alleged defects to which no objection was originally made, despite its presence in an earlier version of the complaint. Any mention of an alleged defect made after the January 9th Letter was done intentionally to preserve a basis for Makita U.S.A. to support yet another motion to dismiss and further delay the action.

Given that Makita Corp. will be appearing in this matter and has agreed to accept service of the TAC and to respond thereto by April 4, 2014, *see* the Stipulation and Order dated February 26, 2014, ECF 49, the Motion lacks a practical, as well as a legal, basis. Makita Corp. is free to move against the "Fourth Claim for Relief" if it chooses (and if it believes such a motion would satisfy Fed. R. Civ. P. 11) when it responds to the TAC. Makita U.S.A. cannot articulate any credible explanation as to why it is the proper party to move to dismiss the vicarious infringement claim.

## POINT II

### THE THIRD AMENDED COMPLAINT  CONTAINS A SUFFICIENT FACTUAL SHOWING TO PLEAD A PLAUSIBLE CAUSE OF ACTION FOR VICARIOUS COPYRIGHT INFRINGEMENT UNDER THE *IQBAL* AND *TWOMBLY* STANDARD

In addition to being procedurally improper, the substance of the Motion is so wholly without merit that it belies the true purpose of the Motion as a delay tactic. The TAC clearly contains more than sufficient factual allegations to support a plausible claim of vicarious copyright infringement against Makita Corp.

### a.  The Pleading Standard

Fed. R. Civ. P. Rule 8 merely requires that a pleading provide, "a short and plain statement of . . . the claim showing that the pleader is entitled to relief." FRCP R. 8. To survive a Rule 12(b)(6) motion to dismiss, a claim need only contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678; *see also, Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).   Further, the appropriate inquiry is not whether a plaintiff is likely to prevail, but whether or not the plaintiff entitled to offer evidence to support their claims. *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006) (internal quotation marks and citation omitted).

### b. Elements of Vicarious Copyright Infringement

It is axiomatic that a party may be liable for copyright infringement even though he is not himself engaged in the infringing activity. *See Gershwin Publishing Corporation v. Columbia Artists Management, Inc.*, 43 F.2d 1159 at 1161-1162, (2d Cir. 1971).   A person who has promoted or induced infringing acts can be held jointly and severally liable as a "vicarious infringer" even though he has no actual knowledge that the copyright is being impaired. *Id.* at 1162 (internal citations omitted); *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 156 (S.D.N.Y. 2009) ("Knowledge is not required to show vicarious infringement; the only requirements are direct financial benefit and the ability to control third parties' infringing conduct.").

One may be held vicariously liable if: (i) he has the right and ability to supervise the infringing activity, and (ii) he has a direct financial interest in such activities. *See Gershwin Publishing Corporation v. Columbia Artists Management, Inc.*, 43 F.2d 1159 at 1162.   Further, "A party has control where it has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *See Blank Productions, Inc. et al. v.*

*Warner/Chappell Music, Inc.*, 2013 U.S. Dist. LEXIS 1202 *10 *citing Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007).

### c.  Freeplay Has Pled Sufficient Facts to Support a Plausible Claim of Vicarious Copyright Infringement

#### 1.  Makita Corp.'s Relationship and Connection to The Infringing Activities

Here, it is evident that the TAC contains sufficient factual allegations to support a plausible claim for vicarious copyright infringement.  Specifically, the TAC makes clear that Makita Corp., despite being located in Japan, maintains a sales and marketing division for North America that specifically oversees the sales and marketing activities of Makita U.S.A., including the production of the infringing videos that incorporate Freeplay's copyrighted songs.  (*See* ¶¶ 8, 112, 113, 114 of the TAC, ECF 1).  As such, the TAC contains factual allegations that show aspects of a relationship between Makita Corp. and Makita U.S.A. beyond those generally present in a parent-subsidiary relationship.  The TAC also contains factual allegations that Makita Corp. itself had used an infringing video potentially created by defendant Makita U.S.A., which again shows further connection between Makita Corp. and Makita U.S.A.'s infringing activities.  (*See* ¶ 127 of the TAC, ECF 1).

It should also be noted that while *Makita U.S.A. argues that the relationship between Makita U.S.A. and Makita Corp. is so significant that it has standing to move to dismiss the cause of action for vicarious infringement against Makita Corp., it simultaneously argues that Makita Corp. does not control Makita U.S.A. to the degree necessary to be held liable for vicarious infringement.  Compare* Makita U.S.A.'s March 5th Letter, ECF 51 at pgs. 2-3 with the arguments set forth in the Motion, ECF 48 at pgs. 4-6.

To defeat a motion to dismiss, the TAC need only contain sufficient factual allegations that, if accepted as true, state a claim of vicarious copyright infringement that is plausible on its

face.  It can be easily understood from the face of the TAC that Freeplay has clearly alleged that: (i) Makita Corp. is the sole owner and parent company of Makita U.S.A., a subsidiary that exists only to be Makita Corp.'s agent in the United States for the purposes of selling "Makita" products; (ii) Makita Corp. maintains a specific North American marketing division for the purpose of directing and controlling Makita U.S.A.'s marketing efforts in the United States; (iii) Makita Corp. has the right and ability to supervise the infringing activity of Makita U.S.A.; and (iv) Makita Corp. has received a direct financial benefit from Makita U.S.A.'s infringing activity, the purpose of which is to sell and promote "Makita" products in the United States. (*See* ¶¶ 6, 7, 13, 17 and 18 of the TAC, ECF 1).

A court in this circuit recently held that a plaintiff had successfully pled a cause of action for vicarious copyright infringement where, as alleged in the amended complaint, defendant "made the decision on behalf of Defendant Gouverneur Tribune to reproduce the Works" and "knew of, directed, ratified, approved, controlled, induced, or otherwise actively participated in the unauthorized acts of copying and distribution by Gouverneur Tribune." *See Elliot v Gouverneur Tribune Press, Inc. et al.,* 2013 U.S. Dist. LEXIS 169921, *7 (N.D.N.Y. 2013).

In this case, ¶ 112 of the TAC alleges, "Makita Corp.'s sales and marketing division for North America and Oceania directs the activities of Makita U.S.A.'s sales and marketing division on a daily basis and was actually involved with the decisions, other processes and personnel directly responsible for the creation of the Videos and Makita U.S.A.'s acts of copyright infringement." (*See* ¶ 112 of the TAC, ECF 1).  The TAC goes on to allege, "Makita Corp's control of Makita's U.S.A.'s infringing activities is evidenced by the very fact that Makita Corp. is the parent company of Makita U.S.A. and maintains a specific sales and marketing division for North America for the purpose of directing Makita U.S.A.'s sales and

marketing division on what advertisements and marketing materials to create, including the Videos." (*See* ¶ 113 of the TAC, ECF 1).

The TAC contains considerably more factual detail concerning the relationship between the vicarious infringer, Makita Corp., and the acts of the primary infringer, Makita U.S.A., than did the allegations in the *Elliot* complaint, which were found sufficient to state a plausible claim for vicarious copyright infringement and survive a motion to dismiss. As a result, it is evident that the TAC contains more than sufficient factual allegations concerning Makita Corp.'s connection to Makita U.S.A.'s infringing activities in order to survive a motion to dismiss.

### 2. Makita Corp.'s Direct Financial Interest in Makita, U.S.A.'s Infringing Activities

Similarly, the TAC also contains sufficient factual allegations to support plausible claim that Makita Corp. enjoys a direct financial benefit from Makita U.S.A.'s infringing activities.

Proof of financial benefit exists where the availability of infringing materials acts as a "draw" for customers. *See Blank Productions, Inc. at al. v. Warner/Chappell Music, Inc.*, 2013 U.S. Dist. LEXIS 1202 at *11 (internal quotations omitted). The infringing materials need not be "the primary, or even a significant, draw-rather, it need only be *'a'* draw." *Id.*

Here, it is clearly pled in the TAC that *the infringing videos are advertisements that were specifically created for the purpose of promoting the sale of Makita brand products*. (*See,* ¶ 116 of the TAC, ECF 1). It is also alleged in the TAC that Makita Corp.'s financial statements filed with the United States Securities and Exchange Commission disclose the fact that Makita U.S.A. is a wholly owned subsidiary of Makita Corp. and that Makita Corp. absorbs all of Makita U.S.A.'s profits and losses. (*See* ¶¶ 15 – 16 of the TAC, ECF 1). Further, Makita U.S.A. is Makita Corp.'s general agent in the United States for the purposes of marketing, selling and distributing "Makita" products and has no other purpose. (*See* ¶¶ 13 – 20 of the TAC, ECF 1).

Therefore, all of Makita U.S.A.'s economic activities, and especially its advertisement of "Makita" products, result in a direct financial benefit to Makita Corp.

### d. The Cases Cited by Makita U.S.A. Provide No Support for Its Arguments and Are Factually Distinguishable

None of the cases cited by Makita U.S.A. provide binding or persuasive legal authority to support its arguments and are easily distinguished from the facts of this case.

*Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103 (S.D.N.Y. 1994), a case heavily relied on by Makita U.S.A., merely stands for the proposition that to prevail against a parent corporation on a theory of vicarious copyright infringement, a plaintiff must *present evidence* that the parent has done more in relation to the subsidiary's infringing activity than simply being a parent. *Id.* at 1107-1108. Accordingly, the *Banff* court granted the defendant's *motion for summary judgment made pursuant to Fed. R. Civ. P. Rule 56* and dismissed the plaintiff's cause of action for vicarious infringement because it failed to *present evidence* that the defendant had the right and ability to supervise the defendant in connection with the alleged infringing activity. *See Id.* at 1110. The *Banff* court did not dismiss the plaintiff's cause of action for vicarious copyright infringement pursuant to a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim and *at least allowed the plaintiff the opportunity to take discovery on the issue and to see if that evidence ultimately supported a viable claim.*

Here, Makita U.S.A. is attempting to move to dismiss the complaint under Rule 12(b)(6) on the grounds that the TAC is devoid of facts to support a plausible claim of vicarious copyright infringement under the *Iqbal and Twombly* pleading standard. However, no discovery has been taken in this case at all. Freeplay is entitled to take discovery on the vicarious liability issue. If, after the completion of discovery, Makita Corp. still believes that Freeplay cannot support a claim for vicarious infringement, it can move for summary judgment on the issue.

- 11 -

*Banff* is also easily distinguishable from this case because in *Banff*, evidence was presented at trial that the subsidiary made its own day-to-day decisions, had its own financial records and files, made decisions about which products to sell, and most importantly, *did not sell or manufacture any of the parent company's products. Banff*, 869 F. Supp. at 1106. The relationship between the parent company and the subsidiary was merely a financial one. In contrast, Makita U.S.A. is Makita Corp.'s sole agent in the United States that was established specifically for the purpose of selling "Makita" products. At the very least, Freeplay should be entitled to take discovery on this issue and not be precluded from proceeding on a plausible cause of action at the outset of litigation because of an unsubstantiated allegation that the TAC is not sufficiently detailed.

*Berry v. Deutsche Bank Trust Co. Ams.*, 07 Civ. 7634 (WHP), 2008 WL 4694968 (S.D.N.Y. Oct. 21 2008) aff'd, 378 F. App'x 110 (2d Cir. 2010) bears no similarity to this case at all. In *Berry*, the district court dismissed a claim of vicarious copyright infringement against a group of lenders that were accused of vicarious infringement simply because the lenders had lent money to the primary defendant to use in its business operations which allegedly included infringing activities. The *Berry* court logically held that the plaintiff failed to state a claim for vicarious infringement where the relationship between the lenders and the primary defendant was nothing more than that of lender and borrower and the complaint was devoid of any factual allegations connecting the lenders to the infringing activity. As stated, that is a very different situation than the one articulated by the allegations of the TAC.

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545 (9th Cir. 1989) also has no relevance. In *Frank*, the United States Court of Appeals for the Ninth Circuit held that the district court erred in not finding the parent company jointly and severally liable for the

- 12 -

judgment of copyright infringement against its subsidiary and found that there was a substantial and continuing relationship between the parent company and the infringing activities of its subsidiary. The Ninth Circuit remanded the matter to the district court to recalculate damages after an appeal of a bench trial where *evidence of the nature of the relationship between the parent company and its subsidiary was presented to the court.* *Frank* is irrelevant to the issue of the sufficiency of factual allegations in a complaint for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Lastly, *Carell v. Schubert Org., Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000) also Provides no support for Makita U.S.A.'s arguments and is distinguishable from this case. In *Carell*, the district court merely dismissed claims of vicarious infringement against three individual defendants who were principals of the corporate defendants because the plaintiff failed to plead *any* description of the acts that could lead to the conclusion that the individual owners were connected in some way to the infringing activity, other than their ownership interest in the corporate defendants. *Id.* at 271 ("Absent from the Complaint is *any* description of acts that could lead to the conclusion of direct copyright or trademark infringement, or allegations of authorization or participation that would indicate vicarious liability or contributory infringement.") (emphasis added). Again, this is not comparable to the TAC, which contains considerable description of Makita Corp.'s oversight and control of the infringing activities of Makita U.S.A.

It bears noting that the *Carell* court held that the ability to supervise and receipt of financial benefits from the infringement can be *implied* from other facts and does not have to be proven with specific acts of control or financial benefit, which logically is very difficult to plead with specificity without the benefit of discovery. *See Carell*, 104 F. Supp. 2d at 271 ("With

- 13 -

regard to defendant Webber, the Court finds that plaintiff's Complaint complies with the requisite pleading requirements for vicarious liability for copyright and trademark infringement. In particular, plaintiff alleges that Webber, as 'sole or majority owner of the Really Useful business entities . . . authorized or licensed many of the infringing uses of the Makeup Designs.'. *. . These allegations imply the ability to supervise and a financial interest necessary for copyright infringement*.") (emphasis added).

## CONCLUSION

As a result of the foregoing, it is evident that the TAC contains sufficient facts to plead a plausible cause of action for vicarious copyright liability against Makita Corp.  Accordingly, Freeplay respectfully requests that the Court issue an Order: (i) denying defendant Makita U.S.A.'s Motion in its entirety; (ii) allowing the case to proceed on the Third Amended Complaint;  and (iii) awarding Freeplay all costs and attorney's fees associated with responding to Makita U.S.A.'s baseless Motion.

Dated: Jericho, New York
      March 17, 2014

                                  Respectfully submitted,

                                  NIXON PEABODY LLP

                                  */s/   Seth L. Berman*
                                  SETH L. BERMAN

                                  50 Jericho Quadrangle, Suite 300
                                  Jericho, New York 11753-2728
                                  Phone:  (516) 832-7500
                                  Fax:  (866) 761-4147
                                  Email:  sberman@nixonpeabody.com

OF COUNSEL:

Jason C. Kravitz
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110
Phone: (617) 345-1318
Fax:    (866) 947-1715
Email:  jkravitz@nixonpeabody.com

*Attorneys for Plaintiff Freeplay Music, LLC*

TO:   Michael K. Friedland
      Benjamin A. Katzenellenbogen
      Samantha Y. Hsu
      KNOBBE MARTENS OLSON & BEAR LLP
      2040 Main Street, Fourteenth Floor
      Irvine, CA 92614
      Phone: (949) 760-0404
      Fax: (949) 760-9502
      Email:  michael.friedland@knobbe.com
              ben.katzenellenbogen@knobbe.com
              samantha.hsu@knobbe.com


      OF COUNSEL:

      Paul D. Sarkozi
      Jaclyn H. Grodin
      TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
      900 Third Avenue
      New York, NY 10022
      Phone: (212) 508-6700
      Fax: (212 371-1084
      Email:  sarkozi@thsh.com
              grodin@thsh.com

      *Attorneys for Defendant Makita U.S.A., Inc.*

14888657.2