**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FREEPLAY MUSIC, LLC, | ) Civil Action No.: 1:13-cv-5235-JPO |
| Plaintiff. | ) |
| -against - | ) |
| MAKITA CORPORATION and MAKITA U.S.A., INC. | ) |
| Defendants. | ) |
| MAKITA U.S.A., INC., | ) |
| Counterclaimant | ) |
| -against- | ) |
| FREEPLAY MUSIC, LLC, | ) |
| Counterdefendant. | ) |

**DEFENDANT MAKITA U.S.A., INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Makita U.S.A., Inc. ("Makita USA") by and through its undersigned attorneys, hereby answers the Third Amended Complaint ("the Complaint") of Plaintiff Freeplay Music, LLC ("Freeplay Music") as follows:

## PARTIES, JURISDICTION AND VENUE

### Freeplay Music[1]

1.      Makita USA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

---

[1]      For the Court's convenience, Makita USA has generally tracked the "Headings" that are in the Complaint.  Makita USA does not necessarily agree with the characterizations of such Headings, and does not waive any right to object to those characterizations.

1

2.      Makita USA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint, and therefore denies the same.

3.      Makita USA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

**Makita Corporation**

Paragraphs 4 through 10 are directed toward Makita Corporation, and so no response is required from Makita USA.  To the extent any response is required, Makita USA denies the allegations in these paragraphs on that basis.

**Makita U.S.A., Inc.**

11.     Makita USA admits that it is a corporation organized and existing pursuant to the laws of the State of California, with its principal place of business located at 14930 Northam Street, La Mirada, California.  Makita USA denies any remaining allegations in Paragraph 11 of the Complaint.

12.     Makita USA denies the allegations in Paragraph 12 of the Complaint.

13.     Makita USA denies the allegations in Paragraph 13 of the Complaint.

14.     Makita USA denies the allegations in Paragraph 14 of the Complaint.

Paragraphs 15 and 16 are directed toward Makita Corporation, and so no response is required from Makita USA.  To the extent any response is required, Makita USA denies the allegations in these paragraphs on that basis.

17.     Makita USA denies the allegations in Paragraph 17 of the Complaint.

18.     Makita USA lacks information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint because the term "Makita" is vague and ambiguous and on that basis denies the allegations in Paragraph 18 of the Complaint.

19.     Makita USA denies the allegations in Paragraph 19 of the Complaint.

20.     Makita USA denies the allegations in Paragraph 20 of the Complaint.

21.     Makita USA denies the allegations in Paragraph 21 of the Complaint.

22.     Makita USA denies the allegations in Paragraph 22 of the Complaint.

23.     Makita USA denies the allegations in Paragraph 23 of the Complaint.

24.     Makita USA admits that it operates and maintains a website at http://www.makitatools.com/en-us/Modules/Home/.   Makita USA denies any remaining allegations in Paragraph 24 of the Complaint.

25.     Makita USA denies the allegations in Paragraph 25 of the Complaint.

26.     Makita USA denies the allegations in Paragraph 26 of the Complaint.

27.     Makita USA denies the allegations in Paragraph 27 of the Complaint.

28.     Makita USA denies the allegations in Paragraph 28 of the Complaint.

29.     Makita USA denies the allegations in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Makita USA does not dispute that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338. Makita USA denies any remaining allegations in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, for purposes of this action only, Makita USA is not disputing whether venue is technically proper pursuant to 28 U.S.C. §§ 1391(d) or 1400(a); however, Makita USA denies that venue is convenient under 28 U.S.C. § 1404.  Makita USA denies any remaining allegations in Paragraph 31 of the Complaint.

## ALLEGATIONS REGARDING ALL CAUSES OF ACTION

## ALLEGED OWNERSHIP OF COPYRIGHTS

32.     Makita USA denies the allegations in Paragraph 32 of the Complaint.

33.     Makita USA denies the allegations in Paragraph 33 of the Complaint.

34.     Makita USA denies the allegations in Paragraph 34 of the Complaint.

35.     Makita USA denies the allegations in Paragraph 35 of the Complaint.

## THE WEBSITE

36.     Makita USA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint, and therefore denies the same.

37.     Makita USA denies the allegations in Paragraph 37 of the Complaint.

38.     Makita USA denies the allegations in Paragraph 38 of the Complaint.

39.     Makita USA denies the allegations in Paragraph 39 of the Complaint.

40.     Makita USA denies the allegations in Paragraph 40 of the Complaint.

41.     Makita USA denies the allegations in Paragraph 41 of the Complaint.

42.     Makita USA denies the allegations in Paragraph 42 of the Complaint.

43.     Makita USA denies the allegations in Paragraph 43 of the Complaint.

44.     Makita USA denies the allegations in Paragraph 44 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement Against Makita U.S.A.)

45.     Makita USA hereby incorporates by reference each of its answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     Makita USA denies the allegations in Paragraph 46 of the Complaint.

47.     Makita USA admits that Exhibit B purports to be a schedule of videos.  Makita USA denies any remaining allegations in Paragraph 47 of the Complaint.

48.     Makita USA denies the allegations in Paragraph 48 of the Complaint.

49.     Makita USA denies the allegations in Paragraph 49 of the Complaint.

50.     Makita USA denies the allegations in Paragraph 50 of the Complaint.

51.     Makita USA denies the allegations in Paragraph 51 of the Complaint.

52.     Makita USA denies the allegations in Paragraph 52 of the Complaint.

53.     Makita USA denies the allegations in Paragraph 53 of the Complaint.

54.     Makita USA admits that the official court docket for this action reflects that on or about July 26, 2013, Freeplay Music filed a Summons and Complaint (which Freeplay Music purports to define as the "First Complaint") alleging causes of action for direct copyright infringement and contributory infringement against Makita USA.  Makita USA denies any remaining allegations in Paragraph 54 of the Complaint.

55.     The use of the term "Complaint" in Paragraph 55 is vague and ambiguous, and Makita USA denies the allegations in Paragraph 55 of the Complaint on that basis.

56.     The use of the term "Complaint" in Paragraph 56 is vague and ambiguous, and Makita USA denies the allegations in Paragraph 56 of the Complaint on that basis.

57.     Makita USA admits that the official court docket for this action reflects that on or about September 12, 2013, Freeplay Music filed an Amended Summons and Complaint (which Freeplay Music purports to define as the "Amended Complaint") alleging causes of action for direct copyright infringement and contributory infringement against Makita USA.  Makita USA denies any remaining allegations in Paragraph 57 of the Complaint.

58.     Makita USA admits that the purported titles of musical works were included in the allegations in the Amended Complaint.  Makita USA denies any remaining allegations in Paragraph 58 of the Complaint.

59.     Makita USA admits that Exhibit A of the Amended Complaint purports to be Certificates of Copyright Registration.   Makita USA denies any remaining allegations in Paragraph 59 of the Complaint.

60.     Makita USA denies the allegations in Paragraph 60 of the Complaint.

61.     Makita USA denies the allegations in Paragraph 61 of the Complaint.

## ALLEGED HARM/REMEDIES

62.     Makita USA denies the allegations in Paragraph 62 of the Complaint.

63.     Makita USA denies the allegations in Paragraph 63 of the Complaint.

64.     Makita USA denies the allegations in Paragraph 64 of the Complaint.

65.     Makita USA denies the allegations in Paragraph 65 of the Complaint.

66.     Makita USA denies the allegations in Paragraph 66 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement Against Makita U.S.A.)

67.     Makita USA hereby incorporates by reference each of its answers to Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68.     Makita USA denies the allegations in Paragraph 68 of the Complaint.

69.     The phrases "directed the creation of" and "involved in the creation of" in Paragraph 69 are vague and ambiguous and Makita USA denies the allegations in Paragraph 69 of the Complaint on that basis.

70.     Makita USA denies the allegations in Paragraph 70 of the Complaint.

71.     Makita USA denies the allegations in Paragraph 71 of the Complaint.

72.     Makita USA denies the allegations in Paragraph 72 of the Complaint.

73.     Makita USA denies the allegations in Paragraph 73 of the Complaint.

74.     Makita USA denies the allegations in Paragraph 74 of the Complaint.

75.     Makita USA denies the allegations in Paragraph 75 of the Complaint.

76.     Makita USA admits that the official court docket for this action reflects that on or about July 26, 2013, Freeplay Music filed the First Complaint alleging causes of action for direct copyright infringement and contributory infringement against Makita USA.  Makita USA denies any remaining allegations in Paragraph 76 of the Complaint.

77.     The use of the term "Complaint" in Paragraph 77 is vague and ambiguous, and Makita USA denies the allegations in Paragraph 77 of the Complaint on that basis.

78.     The use of the term "Complaint" in Paragraph 78 is vague and ambiguous, and Makita USA denies the allegations in Paragraph 78 of the Complaint on that basis.

79.     Makita USA admits that the official court docket for this action reflects that on or about September 12, 2013, Freeplay Music filed the Amended Complaint alleging causes of action for direct copyright infringement and contributory infringement against Makita USA. Makita USA denies any remaining allegations in Paragraph 79 of the Complaint.

80.     Makita USA admits that the purported titles of musical works were included in the allegations in the Amended Complaint.  Makita USA denies any remaining allegations in Paragraph 80 of the Complaint.

81.     Makita USA admits that Exhibit A of the Amended Complaint purports to be Certificates of Copyright Registration.   Makita USA denies any remaining allegations in Paragraph 81 of the Complaint.

82.     Makita USA denies the allegations in Paragraph 82 of the Complaint.

83.     Makita USA denies the allegations in Paragraph 83 of the Complaint.

84.     Makita USA denies the allegations in Paragraph 84 of the Complaint.

## ALLEGED HARM/REMEDIES

85.     Makita USA denies the allegations in Paragraph 85 of the Complaint.

86.     Makita USA denies the allegations in Paragraph 86 of the Complaint.

## THIRD AND FOURTH CLAIMS FOR RELIEF

Paragraphs 87 through 131 are directed toward Makita Corporation, and so no response is required from Makita USA.  To the extent any response is required, Makita USA denies the allegations on that basis.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Makita USA denies that Freeplay Music is entitled to the relief it seeks in Prayer for Relief Paragraphs (1) through (21) or any relief for the allegations made in the Complaint.

## AFFIRMATIVE DEFENSES

Makita USA asserts the following Affirmative Defenses to Freeplay Music's Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Unclean Hands)

Freeplay Music's claims for relief are barred, in whole or in part, by the equitable doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Freeplay Music's claims for relief are barred, in whole or in part, by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

Freeplay Music's claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(Acquiescence or Consent)**

Freeplay Music's claims for relief are barred, in whole or in part, by the equitable doctrines of acquiescence or consent.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Freeplay Music's claims for relief are barred, in whole or in part, by the equitable doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**
**(License)**

Freeplay Music's claims for relief are barred, in whole or in part, as a result of an actual or implied license.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Freeplay Music's claims for relief are barred, in whole or in part, because Freeplay Music fails to state a claim for which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction)**

Freeplay Music's claims for relief are barred, in whole or in part, because this Court does not have personal jurisdiction over Makita USA.

**NINTH AFFIRMATIVE DEFENSE**
**(Copyright Misuse)**

Freeplay Music's claims for relief are barred, in whole or in part, and Freeplay Music's copyrights are unenforceable, because of copyright misuse.

## TENTH AFFIRMATIVE DEFENSE
### (Standing)

Freeplay Music's claims for relief are barred, in whole or in part, because Freeplay Music lacks standing to assert one or more of the alleged copyrights.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Makita USA reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

## MAKITA USA'S COUNTERCLAIMS

Defendant and Counterclaimant Makita U.S.A., Inc. ("Makita USA"), by and through its undersigned attorneys, asserts the following counterclaims against Plaintiff and Counterdefendant Freeplay Music, LLC ("Freeplay Music").

### PARTIES

1.      Makita USA is incorporated in California and has its principal place of business at 14930 Northam Drive, La Mirada, California 90638, which is in the Central District of California.

2.      Upon information and belief, Freeplay Music is a limited liability company incorporated in Delaware with its principal place of business located at 1650 Broadway, New York, New York.

### JURISDICTION AND VENUE

3.      These counterclaims are for: (1) deceit; (2) false advertising under the Lanham Act (15 U.S.C. § 1125(a)) and common law; (3) California statutory unfair competition (Cal. Bus. & Prof. Code § 17200, *et seq.*); and (4) a declaration of copyright unenforceability.

4.      The Court has original subject matter jurisdiction over at least the claims that relate to false advertising pursuant to the Lanham Act.

5.      The Court has at least supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over claims that arise under state law because they are so related to the federal claims in this action that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court has personal jurisdiction over Freeplay Music.  Freeplay Music has availed itself of the protections of the State of New York by, among other things, filing suit in this district and maintaining its principal place of business in New York.

7.      Venue is technically proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400; however, Makita USA denies that venue is convenient under 28 U.S.C. § 1404.

## GENERAL ALLEGATIONS

8.      Freeplay Music purports to be the owner and operator of the freeplaymusic.com website.

9.      Freeplay Music also purports to be the owner of copyrights in musical works available for download on the freeplaymusic.com website.

10.     On information and belief, through at least June of 2013, the freeplaymusic.com website contained over 600 uses of the word "free" in its metadata, including the stand-alone phrases "free music downloads" and "free music."

11.     These statements in the metadata that the freeplaymusic.com website offered "free" content, "free music," and "free music download," caused the freeplaymusic.com website to appear high in the results of Internet searches for "free music."

12.     These statements in the metadata that the freeplaymusic.com website offered "free" content, "free music," and "free music download," constituted affirmative representations by Freeplay Music that the music available on the freeplaymusic.com website was indeed free to download and use.

13.     The freeplaymusic.com website did not utilize a shopping cart or any other payment feature to collect payment in order to download music from the website.

14.     The freeplaymusic.com website did not ask for payment, an agreement to pay in the future, or an agreement to any terms of use of the website or the music in order to download music from the website.

15.     The freeplaymusic.com website did not even require users to read, let alone agree to, any warning, terms of use or other indication that Freeplay Music might request payment for use of the music in order to download music from the website.

16.     Freeplay Music's failure to indicate that Freeplay Music might seek payment for using music made available on the freeplaymusic.com website constitutes nondisclosure and concealment of a material fact regarding Freeplay Music's alleged assertion that it is entitled to payment for certain uses of music made available on the website.

17.     Freeplay Music's representations, nondisclosure and concealment, and the structure and organization of the freeplaymusic.com website, created an actual or implied license to download and use the music that was available on the website and promoted as being "free."

18.     Freeplay Music leads users into reasonably believing and expecting that the music on the freeplaymusic.com website is free as advertised.  It is only after users are induced into downloading and using the music that Freeplay Music or its agent demands payment for the use of that music under the threat of litigation for copyright infringement.

19.     On information and belief, Freeplay Music or its agent searches websites and TV channels to identify instances where music from the freeplaymusic.com website is being used, and then contacts the targets who have allegedly used the music to demand payment for copyright infringement.

20.     On May 2, 2013,  Freeplay Music, through its agent, contacted Makita USA, and asserted that certain videos on Makita USA's website included music copyrighted by Freeplay Music, and demanded that Makita USA cease and desist from use of the music.

21.     Makita USA immediately took down the identified videos.

22.     Despite Makita USA's prompt removal of the videos, Freeplay Music, through its agent, demanded a $200,000.00 payment.

23.     On May 31, 2013, Makita USA, by and through its counsel, explained in a detailed letter that Freeplay Music's assertion of copyright infringement was improper, in part, because of the repeated use of the word "free" in the freeplaymusic.com metadata, the lack of any indication that the music was not free as advertised, and the fact that payment was not requested or required for music on the website.

24.     Makita USA further identified a number of changes that Freeplay Music would have to make to the website if Freeplay Music wanted to charge for its music.  Shortly thereafter, Freeplay Music revised its website to implement the changes suggested by Makita USA.  Only after implementing the changes suggested by Makita USA to the freeplaymusic.com website did Freeplay Music file this lawsuit against Makita USA on July 26, 2013.

## FIRST CAUSE OF ACTION
**(Deceit -- intentional and negligent misrepresentation, nondisclosure and concealment)**

25.     Makita USA incorporates by reference Paragraphs 1 through 24 of its Counterclaims as if fully set forth herein.

26.     Freeplay Music's website name, freeplaymusic.com, was, at all relevant times, a representation that the music provided on that website is free.  This was an affirmative representation that Freeplay Music would not demand payment for use of music downloaded from the website.

27.     On information and belief, Freeplay Music's website included statements in the metadata at all relevant times, and at least from 2008 through June 2013, that the freeplaymusic.com website offered "free" content, "free music," and "free music download" These were also affirmative representations that Freeplay Music would not demand payment for use of music downloaded from the website.

28.     On information and belief, at all relevant times, and at least from 2008 through June 2013, the freeplaymusic.com website did not have any requirement that users pay for music or even agree to pay for music as a condition of downloading music from the website.  These were nondisclosure and concealment of material facts known only to Freeplay Music regarding Freeplay Music's intent to later assert that it was entitled to payment for use of the music on the freeplaymusic.com website.

29.     On information and belief, the freeplaymusic.com website made these affirmative misrepresentations, nondisclosure and concealment continuously until at least June 2013.   In response to the concerns raised by Makita USA on May 31, 2013, the website was later updated.

30.     On information and belief, Freeplay Music knew that its affirmative misrepresentations, nondisclosure and concealment were false and misleading when it included over 600 uses of the word "free" in the metadata in order to draw users to the freeplaymusic.com website when they conducted Internet searches for "free music."   In addition, Freeplay Music had no reasonable grounds for believing the representations, nondisclosure or concealment were true when Freeplay Music made and failed to make them, respectively.

31.     On information and belief, Freeplay Music specifically wrote the terms "free," "free music," and "free music download" into the metadata knowing that it planned to assert that music on the freeplaymusic.com website was not free.  Freeplay Music's failure to indicate that

it would later contend that payment was required to use the music constituted nondisclosure and concealment of material fact.

32.     On information and belief, at least because of the name, organization and promotion of the freeplaymusic.com website, and the decision to specifically include the terms "free," "free music," and "free music download" in the metadata, Freeplay Music had a duty to disclose the material information that Freeplay Music intended to assert that payment was required to use the "free" music available on the freeplaymusic.com website.

33.     Freeplay Music's misrepresentations, nondisclosure and concealment were statements regarding important facts that were not true.

34.     On information and belief, Freeplay Music knew and intended that Makita USA and users of the freeplaymusic.com website generally would be deceived by these misrepresentations, nondisclosure and concealment into believing that the music was free to download and use.

35.     On information and belief, Freeplay Music knew and intended that Makita USA, and users of the freeplaymusic.com website generally, would rely on Freeplay Music's misrepresentations, nondisclosure and concealment by downloading and using the music believing it was free.

36.     On information and belief, at the time Freeplay Music made its music available for download on its website, and made its misrepresentations, nondisclosure and concealment, it intended to detect uses of music downloaded from the freeplaymusic.com website and assert copyright infringement against Makita USA and anyone else who relied on Freeplay Music's representations, nondisclosure and concealment, regarding whether the music was free.

16

37.     Makita USA and, on information and belief, users of the freeplaymusic.com website generally, reasonably and justifiably relied on Freeplay Music's representations, nondisclosure and concealment.

38.     Makita USA and, on information and belief, at least some of the users of the freeplaymusic.com website generally, would not have downloaded and used music on the freeplaymusic.com website absent Freeplay Music misrepresentations, nondisclosure and concealment.

39.     As a consequence of the deceit described above, Freeplay Music has been unjustly enriched and Makita USA has been injured by, among other things, Freeplay Music demanding payment for music that was represented by Freeplay Music as being free, including the time and expense associated with having to remove and replace videos and having to defend this lawsuit.

40.     Freeplay Music's misrepresentations, nondisclosure and concealment were a substantial factor in causing Makita USA's harm.

41.     Freeplay Music is liable to Makita USA for deceit based on its intentional and negligent misrepresentations, nondisclosure and concealment.

42.     Makita USA has suffered irreparable harm as a direct result of Freeplay Music's deceit and Makita USA has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (False Advertising Pursuant to the Lanham Act and Common Law)

43.     Makita USA incorporates by reference Paragraphs 1 through 42 of its Counterclaims as if fully set forth herein.

44.     Freeplay Music has engaged in false advertising by promoting in United States commerce that the downloading and use of music on its website was free and without indicating that Freeplay Music would assert that use of the music required a license or payment.

45.     Freeplay Music's actions misrepresent the nature and characteristics of the music posted on its website and the music's availability for download and use.

46.     Freeplay Music's representations, nondisclosure and concealment, and the nature of the freeplaymusic.com website, are false and misleading and are intended to confuse, mislead or deceive consumers and potential consumers.

47.     Freeplay Music's false statements have been made in interstate commerce, including over the Internet and through the freeplaymusic.com website.

48.     Upon information and belief, consumers rely upon Freeplay Music's false statements, including by downloading and using Freeplay Music's music.

49.     Freeplay Music's false statements have been willful and deliberate.

50.     On information and belief, Freeplay Music acted with the intent to cause confusion and mistake among customers and the public, and to deceive the public into believing that music on the freeplaymusic.com website was free to download and use when Freeplay Music intended to assert that it was not.

51.     Freeplay Music willfully violated 15 U.S.C. § 1125(a) and the common law.

52.     As a consequence of the false advertising described above, Freeplay Music has been unjustly enriched and Makita USA has been injured by, among other things, Freeplay Music demanding payment for music that was represented by Freeplay Music as being free, including the time and expense associated with having to remove and replace videos and having to defend this lawsuit.

53.     Makita USA has suffered irreparable harm as a direct result of Freeplay Music's false advertising, and Makita USA has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Statutory Unfair Competition -- Cal. Bus. & Prof. Code 17200, *et seq.*)

54.     Makita USA incorporates by reference Paragraphs 1 through 53 of its Counterclaims as if fully set forth herein.

55.     Freeplay Music committed unlawful, unfair and fraudulent business actions and provided unfair, deceptive, untrue and misleading advertising by engaging in the acts described above.

56.     Freeplay Music specifically committed unlawful, unfair and fraudulent business actions and provided unfair, deceptive, untrue and misleading advertising by representing that the music available on the freeplaymusic.com website is free to download and use, while intendingto later demand payment for the use of that same music.

57.     Freeplay Music's unlawful, unfair, and fraudulent acts were oppressive.

58.     Makita USA has suffered injury in fact and has lost money or property as a result of Freeplay Music's unlawful, unfair, and fraudulent acts, including the time and expense associated with having to remove and replace videos and  having to defend this lawsuit.

59.     Makita USA has suffered irreparable harm as a direct result of Freeplay Music's false advertising, and Makita USA has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (Declaration of Copyright Unenforceability)

60.     Makita USA incorporates by reference Paragraphs 1 through 59 of its Counterclaims as if fully set forth herein.

61.     Through the actions set forth above, Freeplay Music has attempted to use its alleged copyrights to obtain rights not granted by the copyright office and contrary to public

policy, including but not limited to, by attempting to mislead or defraud alleged infringers by committing the acts alleged herein, by unfairly threatening infringement penalties that exaggerate or misstate the law of copyright, and/or by claiming copyrights in works that Freeplay Music does not actually own.

62.     Freeplay Music's acts constitute copyright misuse.

63.     As a result of Freeplay Music's copyright misuse, Freeplay Music's asserted copyrights are unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE Makita USA prays for the following relief:

A.      Dismissal of Plaintiff's Third Amended Complaint with prejudice and denial of each request for relief made by Plaintiff;

B.      Judgment that Freeplay Music committed deceit;

C.      Judgment that Freeplay Music engaged in false advertising;

D.      Judgment that Freeplay Music engaged in unfair competition;

E.      Judgment that Freeplay Music's asserted copyrights are unenforceable due to copyright misuse;

F.      Statutory damages;

G.      Compensatory damages;

H.      Restitution, disgorgement, and return of unjust enrichment;

I.      Punitive damages;

J.      Attorney's fees and costs;

K.      Preliminary and permanent injunctive relief; and

L.      Any other remedy or relief that the Court finds just and proper;

## JURY DEMAND

Makita USA demands a trial by jury on all issues and causes of action so triable.


Respectfully submitted,

Date:  April 4, 2014                      **KNOBBE MARTENS OLSON & BEAR, LLP**


*/s/ Benjamin A. Katzenellenbogen*
Michael K. Friedland (*Pro Hac Vice*)
Benjamin A. Katzenellenbogen (*Pro Hac Vice*)
Samantha Y. Hsu (*Pro Hac Vice*)

2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax: (949) 760-9502
Email:  michael.friedland@knobbe.com
        ben.katzenellenbogen@knobbe.com
        samantha.hsu@knobbe.com

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
Paul D. Sarkozi
Jaclyn H. Grodin

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email:  sarkozi@thsh.com
        grodin@thsh.com

*Attorneys for Defendant Makita U.S.A., Inc. and Makita Corporation*

17519896

21